STATE OF NORTH CAROLINA v. FOTIOS KAMTSIKLIS

No. 883SC834

(Filed 20 June 1989)

### 1. Constitutional Law § 34— conviction for four conspiracies— one conspiracy in fact—double jeopardy violation

Defendant's conviction for conspiracy to transport cocaine was arrested where defendant was charged with four separate conspiracies which were, in fact, only a single conspiracy.

2. **Indictment and Warrant § 12.2— conspiracy—indictments— amended to change dates—no error**

   The trial court did not err in a prosecution for conspiracy, possession, delivery, sale, and transportation of in excess of 400 grams of cocaine by allowing the State's oral motion to amend the conspiracy indictments to change the dates of the alleged offenses because the charges were not substantially altered by changing the dates recited in the indictments. Even though the dates were changed the morning of the trial, defendant did not raise an alibi defense or any other defense which would make time critical to his defense; ordinarily, the precise dates of the conspiracy are not essential to the indictment because the crime is complete upon the meeting of the minds of the confederates.

3. **Criminal Law § 119— narcotics—requested instructions—not given—no error**

   The trial court did not err in a prosecution for conspiracy and possession, delivery, sale, and transportation of cocaine by failing to give defendant's requested instructions clarifying that the jury could convict him based solely on the evidence of events allegedly occurring on a particular date where the trial court instructed the jury concerning the dates the offenses occurred and stated that defendant was not on trial for any offense not charged in the indictments. The court's instruction was correct and in substance covered the points requested by defendant.

4. **Criminal Law § 70— narcotics trafficking—tape recording—admissible**

   There was no prejudicial error in a narcotics prosecution in the admission of four tape recordings which were played for the jury where the recordings were cumulative in that they were made by means of a body recorder and the person on whom the recorder was concealed had previously testified in detail as to each conversation recorded and played for the jury.

5. **Criminal Law § 67— recognition of defendant's voice—result of prior threat—no prejudicial error**

   There was no prejudicial error in a narcotics prosecution in the admission of an agent's testimony that defendant had threatened to kill him where, while authenticating tape re-

cordings during direct examination, the agent testified that he could recognize defendant's voice because "you don't forget the voice of a person who tells you they are going to kill you." Given defendant's assertions concerning the quality of the tapes, the court found no error in allowing the State's witness to explain why defendant's voice was so recognizable; moreover, the trial court properly limited the use of this portion of the testimony and the evidence was overwhelmingly against the defendant. N.C.G.S. § 15A-1443(a).

6. **Judges § 5; Criminal Law § 99— plea bargaining—judge's remark—recusal unnecessary**

The trial court did not err by not recusing himself in a narcotics prosecution where the judge was told in chambers after the jury had been impaneled that no plea arrangement would be forthcoming, the trial judge slammed a piece of paper on the table, angrily indicated that if the case could not be settled, it would be tried, and in an angry tone made a statement indicating that he did not believe the negotiations were being conducted in good faith. The trial judge stated that he had been curt and felt frustrated by what he perceived to be a waste of more than two hours of the jurors' time. Because defendant did not move for the trial judge's disqualification, the determination here is only whether the trial judge should have recused himself, and while this incident demonstrates impatience, it is not sufficient to demonstrate substantial evidence of personal bias, prejudice or interest on the part of the judge.

7. **Criminal Law § 99.3— narcotics conspiracy—judge's comment while admitting evidence—no error**

Defendant in a narcotics prosecution was not deprived of a fair trial where, while overruling an objection, the trial court stated "it's all part of the conspiracy so it can come in." Although it was unnecessary for the trial court to respond as quoted, this single remark in a trial which lasted longer than a week did not deprive him of a fair trial.

8. **Criminal Law §§ 138.13, 138.37— sentencing hearing—refusal to continue—no substantial assistance**

The trial court did not err in a narcotics prosecution by refusing to continue the sentencing hearing in order to allow defendant time to provide the State with substantial assistance

STATE v. KAMTSIKLIS

[94 N.C. App. 250 (1989)]

so that he might be eligible for a reduced sentence or by failing to find that the information defendant gave to the State was of substantial assistance. The State argued that some of the statements given by defendant were false and there could be doubts as to defendant's credibility in subsequent proceedings; N.C.G.S. § 90-95(h)(5) is permissive, not mandatory, and defendant has no right to a lesser sentence even if he does provide what he believes to be substantial assistance; and the trial court is not required as a matter of law to continue a sentencing hearing so that defendant may be afforded an opportunity to provide the State with substantial assistance.

9. **Criminal Law § 138.14— consolidated sentences—no aggravating factors—term in excess of statutory minimum**

The trial court did not err by sentencing defendant to two consecutive forty-year terms for trafficking in cocaine without finding any aggravating factors where the trial court consolidated four trafficking counts into two judgments per sentencing. The statutory mandatory minimum sentence for each conviction of trafficking in more than 400 grams of cocaine is thirty-five years in prison; since each of the forty-year sentences pronounced is less than the total of the presumptive terms of the consolidated convictions, the trial court's sentences were lawful. N.C.G.S. § 90-95(h)(3)c.

10. **Criminal Law § 138.14— trafficking in cocaine—sentence in excess of statutory minimum—no aggravating factors—error**

The trial court erred when sentencing defendant for conspiracy to sell cocaine by sentencing defendant to a term in excess of the statutory mandatory minimum without finding any factors in aggravation.

APPEAL by defendant from *Currin, Judge*. Judgments entered 4 February 1988 in Superior Court, PITT County. Heard in the Court of Appeals 20 March 1989.

This is a criminal case in which defendant was convicted of possession, delivery, sale, and transportation of in excess of 400 grams of a mixture containing cocaine as well as four separate conspiracies leading to the commission of the offenses listed.

The trial court arrested judgment in two of the conspiracy charges, conspiracy to possess and conspiracy to deliver more than

STATE v. KAMTSIKLIS

[94 N.C. App. 250 (1989)]

400 grams of cocaine. The trial court consolidated the charges of sale and delivery of cocaine for judgment and sentenced defendant to a forty year prison term and a $250,000 fine. The trial court also consolidated the possession and transportation offenses and sentenced defendant to another forty year term, to be served consecutively, and another $250,000 fine. As to the remaining charges of conspiracy to sell and conspiracy to transport, the trial court sentenced defendant to two consecutive forty year terms. From the judgments entered, defendant appeals.

*Attorney General Thornburg, by Associate Attorney General G. Lawrence Reeves, Jr., for the State.*

*Glover & Petersen, by James R. Glover; Perry W. Martin for the defendant-appellant.*

EAGLES, Judge.

Defendant brings forward nine issues on appeal. We find that the trial court erred in allowing more than one conspiracy charge to go to the jury. The trial court also erred in sentencing defendant for his conviction on conspiracy to sell to a term in excess of the statutory mandatory minimum without finding any aggravating factors. Accordingly, we arrest judgment on the conviction for conspiracy to transport cocaine and vacate the sentence and remand for resentencing on the conviction of conspiracy to sell cocaine. We find no other error.

[1] Defendant first argues that the four separate conspiracies for which he was charged were, in fact, only a single conspiracy and that his conviction for more than that single conspiracy violated his right to be free from double jeopardy. The State concedes that this court's opinion in *State v. Worthington*, 84 N.C. App. 150, 352 S.E. 2d 695, *disc. rev. denied*, 319 N.C. 677, 356 S.E. 2d 785 (1987), mandates that only one conspiracy charge should have been submitted to the jury. Accordingly, we arrest judgment as to defendant's conviction for conspiracy to transport cocaine.

[2] Defendant next argues that the trial court erred in allowing the State's oral motion to amend the conspiracy indictments. The indictments initially charged that the conspiracies occurred "on or about May 6, 1987 through May 12, 1987." The amended indictments changed the time of the conspiracies to a period beginning on April 19, 1987 until May 12, 1987. Defendant argues that this

amendment deprived him of his right to be tried on the charges returned by the grand jury. Furthermore, he contends that upon amendment of the indictments he was deprived of sufficient notice to prepare a defense.

G.S. 15A-923(e) provides that "[a] bill of indictment may not be amended." In *State v. Price*, 310 N.C. 596, 598, 313 S.E. 2d 556, 558 (1984), our Supreme Court stated that an amendment was "any change in the indictment which would substantially alter the charge set forth in the indictment." The trial court in *Price* had allowed the State to amend a murder indictment by alleging the date of the offense rather than the date of the victim's death. There the court stated that "because the change did not 'substantially alter the *charge* set forth in the indictment'" the amendment was not violative of G.S. 15A-923(e). *Id.* at 599, 313 S.E. 2d at 558-559. [Emphasis in original.] Here the conspiracy charges have not been substantially altered by changing the dates recited in the indictments.

Defendant further claims that because the amendments occurred on the morning of trial he was deprived of sufficient notice to prepare a defense. We disagree. Defendant correctly states that error occurs when time is material to the indictment and an amendment would deprive defendant of the opportunity to prepare his defense. *See id.* Ordinarily, the precise dates of a conspiracy are not essential to the indictment because the crime is complete upon the meeting of the minds of the confederates. *State v. Christopher*, 307 N.C. 645, 300 S.E. 2d 381 (1983). Furthermore, defendant did not raise an alibi defense or any other defense which would make time critical to his defense. *See Price* at 599, 313 S.E. 2d at 559. Accordingly, we overrule this assignment of error.

[3] Defendant's third assignment of error concerns the trial court's instructions on the substantive offenses. Defendant argues that the trial court erred in failing to give his requested instructions. He contends that his tendered instructions clarified that the jury could convict him of the substantive counts of the indictment based solely on the evidence of events allegedly occurring on May 12, 1987. We note that the trial court "is not required to give a requested instruction in the exact language of the request," *State v. Paige*, 316 N.C. 630, 662, 343 S.E. 2d 848, 867 (1986), so long as the substance of defendant's requested instruction is given. *See also State v. Ball*, 324 N.C. 233, 377 S.E. 2d 70 (1989). Here the

trial court instructed the jury concerning the dates the offenses occurred and, more specifically, stated that "I would also charge you that the defendant is not on trial for any offence [sic] not charged in the indictments which are before you in this trial." The trial court's instruction was correct and in substance covered the points requested by defendant.

[4] Next, defendant argues that the trial court erred in allowing into evidence four tape recordings which were played for the jury. Specifically defendant contends that the State did not lay a proper foundation for the tapes' admission, that the trial court failed to review the tapes on voir dire in order to delete irrelevant and prejudicial material on the tapes, and failed to direct the court reporter to record what was heard when the tapes were played for the jury. Upon a careful review of this assignment of error, we find no prejudicial error.

Defendant argues that the State failed to properly authenticate the tape recordings as required by *State v. Lynch*, 279 N.C. 1, 181 S.E. 2d 561 (1971). Our Supreme Court there set the following prerequisites for the admission of a tape recording:

> (1) that the recorded testimony was legally obtained and otherwise competent; (2) that the mechanical device was capable of recording testimony and that it was operating properly at the time the statement was recorded; (3) that the operator was competent and operated the machine properly; (4) the identity of the recorded voices; (5) the accuracy and authenticity of the recording; (6) that defendant's entire statement was recorded and no changes, additions, or deletions have since been made; and (7) the custody and manner in which the recording has been preserved since it was made.

*Id.* at 17, 181 S.E. 2d at 571.

The State does not dispute that it failed to present evidence as to the *Lynch* prerequisites. Rather, the State contends that it complied with Rule 901 of the North Carolina Rules of Evidence which the State claims now provides a different method of authenticating tape recordings. In pertinent part, G.S. 8C-1, Rule 901 provides:

> (a) General provision.—The requirement of authentication or identification as a condition precedent to admissibility is satis-

fied by evidence sufficient to support a finding that the matter in question is what its proponent claims.

(b) Illustrations. — By way of illustration only, and not by way of limitation, the following are examples of authentication or identification conforming with the requirements of this rule:

. . .

> (5) Voice Identification. — Identification of a voice, whether heard firsthand or through mechanical or electronic transmission or recording, by opinion based upon hearing the voice at any time under circumstances connecting it with the alleged speaker.

*See also* 2 Brandis on North Carolina Evidence, section 195 (3d ed. 1988).

In addition, the State concedes that the rules of evidence do not abolish the *Lynch* requirement that the trial court conduct a voir dire to hear the recordings so that irrelevant and prejudicial material may be deleted. The State does not address the trial court's decision not to record what was heard in the courtroom when the tape recordings were played for the jury. However, the State contends that defendant has not demonstrated that he was prejudiced by the error, if any.

We need not decide here whether the rules of evidence have overruled the requirements for authenticating tape recordings as set forth in *Lynch*. Even assuming *arguendo* that the trial court committed error the defendant has failed to demonstrate how any error under this assignment of error was prejudicial. G.S. 15A-1443(a); *State v. Toomer*, 311 N.C. 183, 191, 316 S.E. 2d 66, 71 (1984). The tape recordings here are cumulative in that they repeat Dale Varnum's testimony. Each of the recordings were made by means of a body recorder concealed on Varnum's person. Varnum had previously testified in detail as to each conversation recorded and played for the jury. We overrule this assignment of error.

[5] In defendant's fifth assignment of error he contends that the trial court erred in allowing Agent Duber's testimony that, in 1986, the defendant had threatened to kill him. In authenticating the tape recordings during direct examination Agent Duber testified that he could recognize defendant's voice, "[b]ecause you don't forget the voice of a person who tells you they are going to kill you."

Defendant objected to Agent Duber's statement, claimed that it was extremely prejudicial, and moved for a mistrial. The trial court denied defendant's motion for a mistrial but instructed the jury that Agent Duber's testimony in this regard could be used only for identifying the voices on the tapes. Given defendant's assertions concerning the poor audibility and quality of the tapes, we find no error in allowing the State's witness to explain why defendant's voice would be so recognizable to him.

Moreover, even if this was error it was harmless error. The trial court properly limited the use of this portion of Agent Duber's testimony. We must assume that the jury complied with the trial court's instruction. In addition, the evidence is so overwhelmingly against the defendant that we are not convinced that "had the error in question not been committed, a different result would have been reached at the trial." G.S. 15A-1443(a).

[6] Defendant's sixth assignment of error claims that the defendant did not receive an unbiased trial from a neutral and detached judge. Defendant argues that upon being told that no plea arrangement would be forthcoming, the trial judge "displayed a prejudice against the defendant." The incident occurred in the judge's chambers after the jury had been impaneled. Defendant's attorney claims that the trial judge slammed a piece of paper on the table, angrily indicated that if the case could not be settled it would be tried, and in an angry tone made a statement indicating that he did not believe the negotiations were being conducted in good faith. The district attorney stated that the trial judge was concerned about the jury doing nothing while the plea bargaining was ongoing. The trial judge stated that he had been "curt" and that he felt frustrated by what he perceived to be a waste of more than two hours of the jurors' time. Defendant moved for a mistrial, but never moved that the trial judge be disqualified.

G.S. 15A-1223 sets forth the criteria for disqualifying a judge from any criminal proceeding. In particular, G.S. 15A-1223(c) provides that "[a] motion to disqualify must be in writing and must be accompanied by one or more affidavits setting forth facts relied upon to show the grounds for disqualification." Because the defendant failed to move for the trial judge's disqualification, we determine here only whether the trial judge should have recused himself.

In *State v. Fie*, 320 N.C. 626, 627, 359 S.E. 2d 774, 775 (1987), our Supreme Court stated that "the burden is upon the party

moving for disqualification to demonstrate objectively that grounds for disqualification actually exist. Such a showing must consist of substantial evidence that there exists such a personal bias, prejudice or interest on the part of the judge that he would be unable to rule impartially." Here defendant did not move for the trial judge's disqualification. In addition, this particular incident demonstrates impatience but is not sufficient to demonstrate substantial evidence of "personal bias, prejudice or interest on the part of the judge."

In addition, defendant argues that "a party has a right to be tried before a judge whose impartiality cannot reasonably be questioned." *Id.* The circumstances here do not reasonably warrant questioning the judge's impartiality. We overrule this assignment of error.

[7] During Andy Noble's testimony on direct examination the defendant objected to the relevance of certain testimony. The trial court responded, "[w]ell, it's all part of the conspiracy so it can come in," and overruled the objection. Defendant argues that this statement made in the jury's presence constituted an opinion of the defendant's guilt and denied him a fair trial. We disagree.

While a judge may not express his opinion on a question of fact before the jury, G.S. 15A-1222, not every improper remark requires a new trial. *State v. Guffey,* 39 N.C. App. 359, 250 S.E. 2d 96 (1979). Citing our decision in *State v. Sidbury,* 64 N.C. App. 177, 306 S.E. 2d 844 (1983), defendant argues that because the trial judge's remarks go to a central issue in the case, the existence of a conspiracy, he is entitled to a new trial. Defendant bears the burden of showing that he was prejudiced. *State v. Weeks,* 322 N.C. 152, 367 S.E. 2d 895 (1988). We must determine whether the remark deprived him of a fair trial "in light of all attendant circumstances." *State v. Faircloth,* 297 N.C. 388, 392, 255 S.E. 2d 366, 369 (1979). Though it was unnecessary for the trial court to respond as quoted, we hold that this single remark in a trial which lasted longer than a week did not deprive defendant of a fair trial.

[8] On the morning following the announcement of the jury's verdicts, the trial court held the sentencing hearing. Defendant claims that the trial court erred in refusing to continue the hearing in order to allow defendant time to provide the State with "substantial assistance" so that he might be eligible for a reduced sentence pursuant to G.S. 90-95(h)(5). He also argues that the information he gave to the State was substantial assistance.

STATE v. KAMTSIKLIS

[94 N.C. App. 250 (1989)]

We do not believe defendant's assistance constituted "substantial assistance" as contemplated by G.S. 90-95(h)(5). The State argues that because some of the statements given by defendant were false, there could be doubts raised as to defendant's credibility in subsequent proceedings. Furthermore, our courts have recognized that the "substantial assistance" statute is "permissive, not mandatory, and that defendant has no right to a lesser sentence even if he does provide what he believes to be substantial assistance." *State v. Perkerol*, 77 N.C. App. 292, 301, 335 S.E. 2d 60, 66 (1985), *disc. rev. denied*, 315 N.C. 595, 341 S.E. 2d 36 (1986).

In addition, we hold that the trial court is not required, as a matter of law, to continue a sentencing hearing so that the defendant may be afforded an opportunity to provide the State with substantial assistance. This court recognized in *State v. Willis*, 61 N.C. App. 23, 41, 300 S.E. 2d 420, 430, *modified*, 309 N.C. 451, 306 S.E. 2d 779 (1983), that G.S. 90-95(h)(5) is "a post-conviction form of plea bargaining." The statute does not guarantee any criminal defendant that the State will, in fact, participate in this form of plea bargaining. This assignment of error is without merit.

[9] Defendant's final assignment of error argues that the trial court erred in sentencing him to two consecutive forty year terms for trafficking in cocaine without finding any aggravating factors. The trial court consolidated the four trafficking counts into two judgments for sentencing. Defendant contends that where the trial court sentences a defendant to a prison term in excess of the statutory minimum he must make findings in aggravation and mitigation.

The trial court need not make findings in aggravation and mitigation when two or more convictions are consolidated for judgment so long as the term pronounced does not exceed the total of the presumptive terms for each conviction. G.S. 15A-1340.4(b). In addition, the Supreme Court has stated that in those cases where a mandatory minimum sentence is established, "the minimum sentence set out in the criminal statute becomes the presumptive sentence for purposes of sentencing under the Fair Sentencing Act." *State v. Perry*, 316 N.C. 87, 110, 340 S.E. 2d 450, 464 (1986). The statutory mandatory minimum sentence for each conviction of trafficking in more than 400 grams of cocaine is 35 years in prison. G.S. 90-95(h)(3)(c). Since each of the 40 year sentences pronounced is less than the total of the presumptive terms of the

consolidated convictions, the trial court's sentences for the substantive offenses were lawful.

[10]   Defendant further argues that the trial court erred in sentencing him to consecutive 40 year terms for conspiracy to transport cocaine and conspiracy to sell cocaine. Because we arrest judgment on the conviction for conspiracy to transport, we need not discuss the sentence pronounced for that offense. However, the State concedes that the trial court erred when it sentenced defendant to a term in excess of the statutory mandatory minimum sentence without finding any factors in aggravation. We agree and, accordingly, we vacate the sentence imposed as a result of defendant's conviction for conspiracy to sell and remand for a new sentencing hearing.

For the foregoing reasons we arrest judgment as to defendant's conviction for conspiracy to transport more than 400 grams of cocaine and we vacate defendant's sentence for conspiracy to sell and remand for a new sentencing hearing. We find no error in the remaining convictions.

Vacated and remanded in part; no error in part.

Chief Judge HEDRICK and Judge WELLS concur.