STATE OF NORTH CAROLINA v. DONALD CLAY WELLS

No. 903SC1122

(Filed 15 October 1991)

1. **Criminal Law § 1237 (NCI4th)— trafficking in cocaine—substantial assistance—not found**

   The trial court did not abuse its discretion when sentencing defendant for trafficking in cocaine by failing to find that defendant's testimony incriminating a co-defendant was substantial assistance within the meaning of N.C.G.S. § 90-95(h)(5) where the judge considered the defendant's offer to testify at the co-defendant's retrial to be substantial assistance and reduced the conviction based on that assistance, but declined to find the testimony at the original trial as a mitigating factor. There is nothing in the record indicating that the judge did not consider the evidence and make a determination as to whether substantial assistance had been given and it was solely within the court's discretion to determine whether there was assistance and whether the sentence should be reduced.

   **Am Jur 2d, Criminal Law §§ 598, 599; Drugs, Narcotics, and Poisons § 48.**

2. **Criminal Law § 1266 (NCI4th)— trafficking in cocaine—mitigating factors—good character—not found**

   The trial court did not err when resentencing defendant for trafficking in cocaine by not finding in mitigation that defendant was a person of good character or had a good reputation in the community. The resentencing hearing is *de novo* and the judge is to make a new and fresh determination of factors in mitigation and aggravation. There is nothing in the

record which indicates that defendant presented any evidence of character or reputation at the resentencing hearing.

**Am Jur 2d, Criminal Law §§ 598, 599; Drugs, Narcotics, and Poisons § 48.**

3. **Criminal Law § 1070 (NCI4th)— trafficking in cocaine—co-defendants—identical sentences**

The trial court did not err or abuse its discretion by giving this defendant and a co-defendant identical sentences for conspiracy to traffic in cocaine and trafficking in cocaine even though defendant contended that the co-defendant was more culpable. The trial court rendered a sentence within the appropriate statutory limits and nothing in the record indicates an abuse of discretion.

**Am Jur 2d, Criminal Law §§ 178, 602; Drugs, Narcotics, and Poisons § 48.**

4. **Criminal Law § 1237 (NCI4th)— trafficking in cocaine and conspiracy to traffic—mitigating factors—substantial assistance—not applied to all convictions**

The trial court did not err when sentencing defendant for conspiracy to traffic in cocaine and trafficking in cocaine by not applying the mitigating factor of substantial assistance to each conviction.

**Am Jur 2d, Criminal Law §§ 598, 599; Drugs, Narcotics, and Poisons § 48.**

APPEAL by defendant from *Watts (Thomas S.), Judge.* Judgment entered 4 June 1990 in Superior Court, PITT County. Heard in the Court of Appeals 28 August 1991.

Defendant was charged in proper bills of indictment with trafficking in cocaine by possession of more than 200 but less than 400 grams of cocaine, conspiracy to traffic in cocaine by the sale of more than 200 but less than 400 grams of cocaine, traffic by the sale of more than 200 grams but less than 400 grams of cocaine and trafficking in cocaine by the sale of more than 200 grams but less than 400 grams of cocaine in violation of G.S. 90-95(h). A jury found defendant guilty on all charges. From judgments imposing two consecutive fourteen year terms for the trafficking charges and a concurrent fourteen year term on the conspiracy

charge, and judgment arrested on the remaining conspiracy charge, defendant appealed.

In *State v. Hamad and Wells*, 92 N.C. App. 282, 374 S.E.2d 410 (1988), *affirmed per curiam*, 325 N.C. 544, 385 S.E.2d 144 (1989), this Court ordered a new trial for defendant Hamad and a new sentencing hearing for defendant Wells. At the resentencing hearing on 4 June 1990, Judge Watts, after consideration of the evidence, consolidated Wells' convictions for trafficking in cocaine by possession and conspiracy to traffic in cocaine by possession, and sentenced Wells to 14 years plus a fine of $100,000.00. On the conviction for trafficking in cocaine by sale, Judge Watts found that defendant had rendered substantial assistance to the State pursuant to G.S. 90-95(h)(5) and imposed a sentence of three years to begin at the expiration of the 14 year sentence. From these judgments, defendant appeals.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General John F. Maddrey, for the State.*

*Assistant Appellate Defender Gordon Widenhouse for defendant, appellant.*

HEDRICK, Chief Judge.

[1] Defendant first argues the sentencing court erred in failing to find and consider defendant's trial testimony that incriminated the co-defendant as "substantial assistance" within the meaning of G.S. 90-95(h)(5) which provides in pertinent part:

> [T]he sentencing judge **may** reduce the fine, or impose a prison term less than the applicable minimum prison term provided by this subsection, or suspend the prison term imposed and place a person on probation when such person has, to the best of his knowledge, provided substantial assistance in the identification, arrest or conviction of any accomplices, accessories, co-conspirators, or principals if the sentencing judge enters in the record a finding that the person to be sentenced has rendered such substantial assistance. (Emphasis added.)

This Court has held "that whether a trial court finds that a criminal defendant's aid amounts to 'substantial assistance' is *discretionary.*" *State v. Hamad and Wells*, 92 N.C. App. 282, 289, 374 S.E.2d 410, 414 (1988), *affirmed per curiam*, 325 N.C. 544, 385 S.E.2d 144 (1989) (emphasis in original). The reduction of the sentence

is also in the judge's discretion, even if the judge finds substantial assistance was given. *State v. Willis*, 92 N.C. App. 494, 498, 374 S.E.2d 613, 616 (1988), *disc. review denied*, 324 N.C. 341 (1989).

In order to overturn a sentencing decision, the reviewing court must find an "abuse of discretion, procedural conduct prejudicial to defendant, circumstances which manifest inherent unfairness and injustice, or conduct which offends the public sense of fair play." *Id. quoting State v. Myers and Garris*, 61 N.C. App. 554, 301 S.E.2d 401 (1983), *cert. denied*, 311 N.C. 767, 321 S.E.2d 153 (1984).

Defendant argues that the trial court erred by failing to consider testimony against his co-conspirator given at the previous trial as "substantial assistance." We do not agree. In *State v. Hamad and Wells*, this Court granted a new sentencing hearing for defendant Wells, due to the trial judge's failure to exercise his discretion in determining "substantial assistance." The trial court did not fail to exercise its discretion in determining "substantial assistance" in the present case. At the resentencing hearing, Judge Watts reviewed the evidence and judgments of the previous trial. He heard testimony that defendant offered to testify against the co-defendant at his retrial. Following the evidence presented at resentencing, defendant argued that his offer to testify should be considered "substantial assistance." Judge Watts stated that he had considered the evidence at the original trial and "in his discretion solely and not as a matter of law," the testimony at the original trial did not amount to "substantial assistance" and he did not consider it as such. Defendant was considered to have given "substantial assistance" when he offered to testify against the co-defendant Hamad. From this finding of "substantial assistance," defendant was given a three year sentence for the trafficking in cocaine by sale, a charge which carries a mandatory 14 year sentence.

There is nothing in the record which indicates that the trial judge did not consider the evidence and make a determination as to whether "substantial assistance" had been given by defendant. It was solely within the discretion of the trial court to determine whether there was assistance and whether the sentence should be reduced based on this assistance. After hearing the evidence, the trial judge considered the offer by defendant Wells to testify at defendant Hamad's retrial to be "substantial assistance." He then decided to reduce Wells' conviction based on this assistance.

However, Judge Watts declined to find the testimony at the original trial as a mitigating factor.

After close examination of the record, we conclude the trial judge merely exercised his discretion in not finding the mitigating factor of "substantial assistance" as set out in G.S. 90-95(h)(5). Since there is no showing of abuse of discretion, defendant's argument is meritless.

[2] Defendant next argues the trial court erred in failing to find as a statutory mitigating factor that defendant was a person of good character or had a good reputation in the community, which denied defendant his rights under the Fair Sentencing Act.

At a resentencing hearing the judge makes a new and fresh determination of the presence of aggravating and mitigating circumstances from the evidence. *State v. Mitchell*, 67 N.C. App. 549, 313 S.E.2d 201 (1984). *See State v. Daye*, 78 N.C. App. 753, 338 S.E.2d 557, *affirmed per curiam*, 318 N.C. 502, 349 S.E.2d 576 (1986). Sentencing hearings are *de novo*. At a resentencing hearing the trial court may find aggravating and mitigating factors without consideration of any factors found in the previous sentencing hearing. *State v. Jones*, 314 N.C. 644, 336 S.E.2d 385 (1985). At the sentencing hearing the defendant bears the burden of persuasion on mitigating factors. Defendant's position is analogous to that of a person seeking a directed verdict. *State v. Taylor*, 309 N.C. 570, 576-77, 308 S.E.2d 302, 307 (1983). Defendant is asking the court to find that "the evidence so clearly establishes a fact in evidence that no reasonable inferences to the contrary can be drawn." *State v. Torres*, 99 N.C. App. 364, 373, 393 S.E.2d 535, 541 (1990), *quoting State v. Taylor*. Where testimony is not overwhelmingly persuasive on the question of defendant's good character or good reputation in the community, it is not manifestly credible and there is no requirement to find a mitigating factor. *Id.*

There is nothing in the record which indicates that defendant presented any evidence of character or reputation at the resentencing hearing. The resentencing hearing is *de novo* and the judge is to make a new and fresh determination of factors in mitigation and aggravation. The new factors can be made without any consideration of those found at a previous sentencing hearing. Since defendant offered no evidence of character or reputation at the resentencing hearing he did not bear the burden of persuasion with respect to mitigating factors. The trial court did not err in

failing to find the statutory mitigating factor that defendant is a person of good character or has a good reputation in the community. Defendant's argument is without merit.

**[3]** Defendant next argues that the trial court erred and abused its discretion by giving defendant and co-defendant identical sentences, when the co-defendant was more culpable than defendant. Where a sentence is within statutory limits, the punishment actually imposed by the trial judge is a discretionary matter. *State v. Slade*, 291 N.C. 275, 229 S.E.2d 921 (1976).

In the present case, defendant was given a fourteen year sentence for consolidated convictions of trafficking in cocaine by possession and conspiracy to traffic in cocaine by possession. Defendant was given a consecutive three year sentence for his conviction of trafficking by sale of cocaine. In the present case, the trial court rendered a sentence which falls within the appropriate statutory limits. Nothing in the record indicates that there was an abuse of discretion by the trial court thus, defendant's sentence is proper and will not be disturbed. Defendant's argument is without merit.

**[4]** Defendant last argues the trial court erred in failing to apply the mitigating factor of "substantial assistance" to each of defendant's convictions.

"[O]ur courts have recognized that the 'substantial assistance' statute is permissive, not mandatory, and that defendant has no right to a lesser sentence even if he does provide what he believes to be substantial assistance." *State v. Kamtsiklis*, 94 N.C. App. 250, 260, 380 S.E.2d 400, 405 (1989) (citations omitted). G.S. 90-95(h)(5) is a "post conviction form of plea bargaining." *Id.* This statute does not guarantee any defendant that the State will participate in this form of plea bargaining. *Id.* This assignment of error is without merit.

The decision of the trial court is affirmed.

Affirmed.

Judges ARNOLD and PHILLIPS concur.