STATE v. SAUNDERS

[131 N.C. App. 551 (1998)]

═══════════

STATE OF NORTH CAROLINA v. TREMAYNE SAUNDERS

No. COA97-1489

(Filed 1 December 1998)

**Sentencing— noncapital—substantial assistance—term less than structured minimum—permissible**

> A cocaine trafficking case was remanded for resentencing where the court found substantial assistance but stated that it was limited by structured sentencing minimum requirements. The punishment range set out in N.C.G.S. § 15A-1340.17 does not control the minimum sentence when an applicable statute requires or authorizes another minimum sentence. N.C.G.S. § 90-95(h)(5) specifically authorizes the sentencing judge to reduce the fine or impose a less than minimum prison term once the court has made a finding of substantial assistance.

Appeal by defendant from judgment entered 3 April 1997 by Judge Henry V. Barnette, Jr. in Wake County Superior Court. Heard in the Court of Appeals 17 September 1998.

*Attorney General Michael F. Easley, by Special Deputy Attorney General Robin P. Pendergraft, for the State.*

*Aguirre Law Office, by Bridgett Britt Aguirre for defendant-appellant.*

HUNTER, Judge.

Defendant was charged with trafficking in four hundred grams or more of cocaine by transportation and by possession and entered a plea of guilty at his arraignment. The State prayed judgment on 3 April 1997 and, after making a finding of substantial assistance, the trial court sentenced defendant to a minimum of 38 months and a maximum of 50 months. The defendant gave notice of appeal on 8 April 1997.

The sole issue on appeal is whether, based on a finding of substantial assistance, the trial court's discretion in departing from minimum sentencing pursuant to N.C. Gen. Stat. § 90-95(h)(5) is limited by the structured sentencing minimum in N.C. Gen. Stat. § 15A-1340.17 for an offense of the same class. The question of whether the defendant provided substantial assistance in this case is not at issue. The State stipulated that substantial assistance was given and the trial court entered a finding to that effect when judgment was rendered.

Based on a finding of substantial assistance, N.C. Gen. Stat. § 90-95(h)(5) provides, in pertinent part, that:

> [t]he sentencing judge may reduce the fine, or impose a prison term less than the applicable minimum prison term provided by this subsection, or suspend the prison term imposed and place a person on probation when such person has, to the best of his knowledge, provided substantial assistance in the identification, arrest or conviction of any accomplices, accessories, co-conspirators, or principles if the sentencing judge enters in the record a finding that the person to be sentenced has rendered such substantial assistance.

N.C. Gen. Stat. § 90-95 (h)(5) (1997). The statutory language makes clear that the trial court is given broad discretion in sentencing after substantial assistance is found. Whether or not to give a "reduction of the sentence is also in the judge's discretion, even if the judge finds substantial assistance was given." *State v. Wells*, 104 N.C. App. 274, 276-277, 410 S.E.2d 393, 394-395 (1991) (citation omitted). The statutory language does not limit the trial court's discretion to the boundaries of structured sentencing. In fact, language within structured sentencing, N.C. Gen. Stat. § 15A-1340.13(b), states that the range set by its sentencing grid controls the minimum term of imprisonment "unless applicable statutes require or authorize

another minimum sentence of imprisonment." N.C. Gen. Stat. § 15A-1340.13(b) (1997).

At the defendant's sentencing hearing for this case, defense counsel stated that her understanding was "once substantial assistance has been established . . . the Court is free to depart in any manner." The trial court responded:

> I don't agree with that, and I'll tell you why. . . . I think you then have to go back to the grid and you can treat it as a straight structured sentencing case if I find substantial assistance . . . . But I think that's as far as I can go, and what I can do under structured sentencing, I can do, but if I can't do it under structured sentencing, I can't do it.

The punishment range set out in structured sentencing, N.C. Gen. Stat. § 15A-1340.17, does not control the minimum sentence when an applicable statute, such as N.C. Gen. Stat. § 90-95 in this case, requires or authorizes another minimum sentence. N.C. Gen. Stat. § 90-95(h)(5) specifically authorizes "[t]he sentencing judge [to] reduce the fine, or impose a prison term less than the applicable minimum prison term provided by [N.C. Gen. Stat. § 90-95(h)], or suspend the prison term imposed and place a person on probation . . ." once the trial court has made a finding that the defendant has rendered substantial assistance. The trial court made such a finding of substantial assistance in this case and was, therefore, not limited by structured sentencing's minimum sentencing requirements. The case is

Remanded for resentencing.

Judge McGEE concurs.

Judge WYNN concurred in result prior to 1 October 1998.