STATE OF NORTH CAROLINA v. SHARUN BERNARD SIMS

No. COA04-1170

(Filed 6 December 2005)

### 1. Drugs— conspiracy to traffic in more than 400 grams of cocaine-confession—sufficiency of evidence

The trial court did not err by denying defendant's motion to dismiss the charge of conspiracy to traffic in more than 400 grams of cocaine, because: (1) our Supreme Court has held that in non-capital cases where the State relies upon defendant's confession to obtain a conviction, it is no longer necessary that there be independent proof tending to establish the corpus delicti of the crime charged if the accused's confession is supported by independent evidence tending to establish its trustworthiness; (2) defendant's statements that he had purchased a half kilo (500 grams) of cocaine from a Mexican on three occasions provided sufficient

evidence; and (3) two items of independent proof establish the trustworthiness of defendant's statement including that a substantial quantity of cocaine was found in defendant's possession at the time of his arrest and a controlled buy was conducted prior to the search of defendant's home in which an informant purchased twenty-six grams of cocaine from defendant in his home.

## 2. Sentencing— mitigating factors—rendered substantial assistance leading to the identification, arrest, or conviction of any accomplices, accessories, or coconspirators— abuse of discretion standard

The trial court did not abuse its discretion in a drug case by failing to find that defendant rendered substantial assistance leading to the identification, arrest, or conviction of any accomplices, accessories, or coconspirators, because defendant made no showing that the trial court's failure to find that defendant rendered substantial assistance could not have been the result of a reasoned decision.

Appeal by defendant from judgments entered 5 August 2003 by Judge A. Moses Massey in Guilford County Superior Court. Heard in the Court of Appeals 16 August 2005.

*Attorney General Roy A. Cooper, III, by Assistant Attorney General Barry H. Bloch, for the State.*

*Winifred H. Dillon for defendant-appellant.*

HUNTER, Judge.

Sharun Bernard Sims ("defendant") appeals from judgments dated 5 August 2003 entered consistent with jury verdicts finding defendant guilty of trafficking in cocaine by possession of at least 200 grams but less than 400 grams, conspiracy to traffic in cocaine by possessing more than 400 grams, maintaining a dwelling for the keeping or selling of a controlled substance, and trafficking in cocaine by manufacturing at least 200 but less than 400 grams. For the following reasons, we find no error.

The State presented evidence tending to show that on 24 September 2002, a confidential informant made a controlled buy of about twenty-six grams of cocaine from an inhabitant of 3615 Irwin Street in Greensboro. The Greensboro Police Department subsequently searched the residence pursuant to a warrant. Present in the

residence at the time of the search were its residents: Defendant, his female companion, and their child. After defendant was handcuffed, he nodded toward the kitchen and stated, "it's all inside there." The officers found in the kitchen cabinets a red bag containing 181.8 grams of powder cocaine, 4.5 grams of cocaine base, razor blades, and a digital scale. As the search proceeded, defendant made a statement acknowledging that the drugs were his. Later, at the police station, defendant made another statement indicating that the cocaine found in the house was the remainder of a half kilo of cocaine he had obtained from "a Mexican." Defendant offered no evidence at trial.

I.

**[1]** Defendant first contends that the trial court erred by denying his motion to dismiss the charge of conspiracy to traffic in more than 400 grams of cocaine. Defendant argues that his statement that he obtained half a kilo from an unidentified Mexican is insufficient evidence to establish a conspiracy to traffic in more than 400 grams of cocaine. Specifically, defendant contests the sufficiency of evidence as to the amount of cocaine.[1] Relying upon *State v. Parker*, 315 N.C. 222, 337 S.E.2d 487 (1985), he submits that other corroborating evidence besides a naked confession must be presented. We disagree.

A motion to dismiss requires the court to determine whether there is substantial evidence to establish each element of the offense charged and to identify the defendant as the perpetrator. *State v. Earnhardt*, 307 N.C. 62, 65-66, 296 S.E.2d 649, 651 (1982). This determination is made after considering the evidence in the light most favorable to the State, giving it the benefit of every reasonable inference that may be drawn from the evidence. *State v. Brown*, 310 N.C. 563, 566, 313 S.E.2d 585, 587 (1984). "Contradictions or discrepancies in the evidence must be resolved by the jury[.]" *State v. Thompson*, 157 N.C. App. 638, 642, 580 S.E.2d 9, 12 (2003).

In *State v. Parker*, our Supreme Court addressed the issue of whether there "must be direct or circumstantial proof of the *corpus delicti* independent of the defendant's confession in order to sustain a conviction." *Parker*, 315 N.C. at 227, 337 S.E.2d at 490. The Court in *Parker* determined that while the rule was universal that an "extraju-

---

1. We note that defendant also attempts to argue in his brief that insufficient evidence was presented to show an agreement between defendant and the unknown seller of the cocaine. Defendant did not present this issue to the trial court. As this issue was not properly preserved for our review, we do not address defendant's arguments as to the sufficiency of the evidence as to the agreement. N.C.R. App. P. 10(b).

dicial confession, standing alone, is not sufficient to sustain a conviction of a crime[,]" lines of authority differed as to the "quantum and type of corroboration necessary[.]" *Id.* at 229, 337 S.E.2d at 491 (footnote omitted). After reviewing the types of corroboration and justifications for each rule used in other jurisdictions, our Supreme Court adopted the federal rule as set out in *Opper v. United States*, 348 U.S. 84, 99 L. Ed. 101 (1954). *Parker*, 315 N.C. at 236, 337 S.E.2d at 495. The Supreme Court of North Carolina held that, in non-capital cases, "when the State relies upon the defendant's confession to obtain a conviction, it is no longer necessary that there be independent proof tending to establish the *corpus delicti* of the crime charged if the accused's confession is supported by substantial independent evidence tending to establish its trustworthiness[.]" *Id.*

In *Parker*, the defendant made an extrajudicial confession to two murders, and confessed to robbing one of the victims of ten dollars. *Id.* at 237, 337 S.E.2d at 495-96. Substantial corroborating evidence was found of the defendant's confession as to the murders, including the bodies of the victims in the condition described by the defendant, the murder weapon, and recovery of bloody clothing. *Id.* A wallet belonging to one of the victims was recovered from a neighbor of the defendant's girlfriend. *Id.* at 237, 337 S.E.2d at 496. The Court found that although there was no independent evidence to prove the *corpus delicti* of the armed robbery of one of the victims, the corroboration of the other details of the defendant's confession established the trustworthiness of the statement, and the confession was sufficient to sustain the defendant's conviction for armed robbery. *Id.* at 238-39, 337 S.E.2d at 496-97.

Here, defendant was charged with conspiracy to traffic a controlled subject pursuant to N.C. Gen. Stat. § 90-98, specifically the possession of more than 400 grams of cocaine. Evidence to support this charge was presented by the State in the form of statements by defendant. Following a controlled buy from defendant of twenty-six grams and a search of defendant's residence which revealed 181.8 grams of cocaine, defendant was advised of his Miranda rights and agreed to answer questions. Defendant admitted that the drugs were his, but stated that counterfeit money discovered in the residence belonged to a former resident named Tim. Defendant also answered inquiries about currency-sized cut-up pieces of newspaper found in the kitchen, stating that he had been "ripped off by another drug dealer and that they had paid him in newspaper." Defendant was then transported to the police department and interviewed after again

being advised of his Miranda rights, which defendant waived. Defendant again stated that the cocaine in the house was his, and that what was found was the remainder of "a half of [a] kilo he purchased from a Mexican.". Defendant stated that he had purchased a half kilo from the Mexican on three previous occasions, but could no longer purchase from him because of an argument over the quality of the last kilo. Defendant also informed the questioning officers of a location where they might find the vehicle the Mexican drove, although the officers were unable to later locate the vehicle at that location.

Defendant's statements that he had purchased a half kilo (500 grams) of cocaine from a Mexican on three occasions provided sufficient evidence of defendant's conspiracy to traffic in more than 400 grams of cocaine. Two items of independent proof establish the trustworthiness of defendant's statement.

First, a substantial quantity of cocaine, 181 grams, was found in defendant's possession at the time of his arrest. Our courts have consistently held that one's possession of a substantial quantity of a controlled substance is sufficient to support a reasonable inference that the possessor intended to sell or deliver the substance. *Morgan*, 329 N.C. at 659, 406 S.E.2d at 835.

Additionally, a "controlled buy" was conducted prior to the search of defendant's home in which an informant purchased twenty-six grams of cocaine from defendant in his home. Paraphernalia associated with trafficking was also found in the home, including razor blades and a digital scale. Such substantial independent proof tends to establish the trustworthiness of defendant's statement as to the quantity of cocaine, and provides sufficient evidence to deny a motion to dismiss. This assignment of error is overruled.

II.

[2] Defendant finally contends the trial court abused its discretion in failing to find he rendered substantial assistance leading to the identification, arrest, or conviction of any accomplices, accessories, or co-conspirators, affecting his sentence as to all judgments from which he appeals. As defendant acknowledges, the decision whether or not to find that a defendant rendered substantial assistance is addressed to the discretion of the trial judge. *State v. Wells*, 104 N.C. App. 274, 276, 410 S.E.2d 393, 394 (1991). The court's decision will not be disturbed unless it is shown that the court's decision was so arbitrary that it could not have been the result of a reasoned deci-

sion. *State v. Hayes*, 314 N.C. 460, 473, 334 S.E.2d 741, 749 (1985). Defendant makes no showing that the trial court's failure to find that defendant rendered substantial assistance could not have been the result of a reasoned decision. We, therefore, find no abuse of discretion.

No error.

Judges McGEE and LEVINSON concur.