STATE OF NORTH CAROLINA v. DEBORAH DENISE KNOTT

No. COA03-716

(Filed 4 May 2004)

### 1. Criminal Law— charges dismissed by judge—record unclear

A controlled substances prosecution was remanded where defendant contended in a superior court hearing that she waived probable cause upon an agreement that some of the charges would be dropped, those charges were not dropped because the district attorney contended that the agreement involved guilty pleas to the remaining charges, the superior court judge told defendant that the charges would be dropped, and it was not clear from the record whether the judge intended to dismiss the charges as the presiding judge or whether he was relying on the State to dismiss the charges.

### 2. Sentencing— mitigating factors—evidence not allowed

Plain error analysis was applicable where a defendant was not allowed to present evidence of mitigating factors before she was sentenced within the presumptive range. The case was remanded because it could not be concluded that defendant's sentence was unaffected.

Appeal by defendant from judgments entered 7 November 2002 by Judge Clarence W. Carter in Surry County Superior Court. Heard in the Court of Appeals 16 March 2004.

*Attorney General Roy A. Cooper, III, by Assistant Attorney General Linda Kimbell, for the State.*

*Robert W. Ewing for defendant-appellant.*

HUNTER, Judge.

Deborah Denise Knott ("defendant") appeals six judgments that resulted in consecutive sentences totaling fifty-seven to seventy-two months imprisonment for three convictions of possession with intent to sell and deliver controlled substances and three convictions for the sale and delivery of controlled substances. For the reasons stated herein, we remand this case to the trial court (1) to make findings of fact regarding the dismissal of defendant's possession

charges, and (2) for resentencing after considering evidence of mitigating factors.

Defendant was arrested on or about 9 February 2001 and charged with three separate counts of possession with intent to sell and deliver controlled substances ("possession charges"), three separate counts for the sale or delivery of controlled substances ("sale or delivery charges"), and one count of maintaining a dwelling. The controlled substances on which the charges were based were diazepam, pentazocine, and codeine. On 25 April 2001, the maintaining a dwelling charge and the three possession charges were dismissed in the Surry County District Court pursuant to an agreement between defendant and the prosecutor that resulted in defendant waiving a probable cause hearing on the three sale or delivery charges. The district court bound the sale and delivery charges over to superior court.

Defendant was subsequently indicted on all six charges on 30 July 2001 in Surry County Superior Court. Thereafter, a Determination of Counsel Proceeding ("the proceeding") was held on 6 August 2001 in superior court before Judge A. Moses Massey ("Judge Massey") based on defendant moving to have the court appoint her new counsel. The motion arose from a dispute between defendant and her then-attorney, Karen Adams, regarding whether defendant was facing six charges in superior court. Defendant informed the court that it was her belief that the possession charges had been dismissed in district court and would remain so pursuant to her earlier agreement with the prosecutor. District Attorney C. Ricky Bowman ("D.A. Bowman") represented the State at that proceeding and, upon learning of the alleged agreement, stated that while he "was not aware that at District Court the prosecutor had made that agreement to dismiss three [charges] in District Court, . . . . I do honor all agreements made by prosecutors in my office because they are me, we are one in the same." Thus, D.A. Bowman stated, "[t]o honor that agreement I will dismiss those three dismissed in District Court."

However, after a short recess, D.A. Bowman informed the superior court that he had learned from defendant that "she called an officer and that officer said, yes, he had agreed to dismiss those three upon her waiving probable cause. But he was also under the assumption that she would be pleading guilty to the three sale and deliveries." That statement was not elaborated on further during the proceeding. Thereafter, when defendant asked for clarification as to

whether the possession charges had been dismissed, the following exchange took place:

> THE COURT: My understanding is that, yes, they're dropped because the District Attorney—frankly, you've been indicted. And I think legally the District Attorney could say, she's been indicted by a grand jury, doesn't matter what happened in District Court. But this District Attorney, out of his great sense of integrity, said if there's that understanding in District Court we're going to drop them. So it's my understanding you're facing, as I understand it, you're facing three charges before this Court, three counts of sale of—is it three counts of selling a controlled substance?
>
> Ms. ADAMS: Yes, sir.
>
> MR. BOWMAN: Yes, sir.
>
> THE COURT: Those are the three charges.

Defendant then proceeded to ask to "get that in writing that them [sic] been dismissed[,]" to which the Judge Massey responded:

> I'm telling you as a Superior Court Judge that those three charges have been dismissed. And I'm telling you that I will hold the District Attorney to his word that they've been dismissed, that they will be dismissed. I'm not going to give it to you in writing. It's on record. It can be taken to the Court of Appeals in North Carolina. It can be taken to the Supreme Court of North Carolina, can be taken to the Supreme Court of the United States of America if they ever let the case get that far. I don't think you need any more. That's worth more than something in writing.

Nevertheless, defendant was prosecuted on all six charges by Assistant District Attorney Angela Puckett (who had also been present at the proceeding) when her trial began on 6 November 2002. The evidence at trial showed that on three separate occasions a confidential police informant and Detective Randy Dimmette ("Detective Dimmette"), an undercover detective with the Yadkinville Police Department, purchased controlled substances from defendant. On 6 October 2000, defendant sold Detective Dimmette Valium (diazepam) outside a nightclub. On 26 October 2000, the men went to defendant's home and purchased two Tylenol pills containing codeine. Finally, on 15 November 2000, Detective Dimmette and the informant returned to defendant's home and purchased Talwin (pentazocine). After the third purchase, the pills were sent to the SBI for analysis, confirming

that the pills were the controlled substances indicated by defendant. At the conclusion of the evidence, defendant was found guilty as charged and received six separate sentences within the presumptive range for each crime.

I.

[1] Defendant argues her convictions and judgments as to the three possession charges should be vacated because: (1) those charges were dismissed in district court pursuant to an agreement between defendant and a prosecutor that required defendant to waive her right to a probable cause hearing; and (2) D.A. Bowman agreed to honor the agreement made in district court between his office and defendant. Defendant contends that her due process rights were violated when she was prosecuted on the possession charges after agreeing to waive a probable cause hearing on the three sale or delivery charges. However, the State contends the dismissal of the possession charges was contingent not only on defendant's waiver of a probable cause hearing but also on her pleading guilty to the sale or delivery charges.

Initially, we note that defendant testified twice at trial that the possession charges had been dismissed in district court. These statements were not acted upon by either her trial counsel or the trial court. Thereafter, when defendant was tried and sentenced on the possession charges, her counsel failed to object. The State contends defense counsel's failure to raise this issue at trial resulted in it not being preserved for appellate review. However, we hold that defendant's testimony regarding the dismissal of those charges was sufficient to preserve this issue for our review.

The record clearly contains three "Dismissal—Notice of Reinstatement" forms, which state that there was a "dismissal" of each possession charge in district court because defendant agreed to a "waive[r] of P/C on felonies." These dismissals were not "with leave." Our Supreme Court has distinguished a "dismissal" and a "dismissal with leave" as follows:

> The district attorney may dismiss an indictment under either N.C.G.S. § 15A-931 or § 15A-932. Section 15A-931 provides that he may so dismiss "by entering an oral dismissal in open court before or during the trial, or by filing a written dismissal with the clerk at any time." This is a simple and final dismissal which terminates the criminal proceedings under that indictment. Section

**STATE v. KNOTT**

[164 N.C. App. 212 (2004)]

15A-931 does not bar the bringing of the same charges upon a new indictment. *See* Commentary.

Section 15A-932 provides for a dismissal "with leave" when the defendant fails to appear and cannot be readily found. Under subsection (b) of section 15A-932, this dismissal results in removal of the case from the court's docket, but the criminal proceeding under the indictment is not terminated. All outstanding process retains its validity and the prosecutor may reinstitute the proceedings by filing written notice with the clerk without the necessity of a new indictment.

*State v. Lamb*, 321 N.C. 633, 641, 365 S.E.2d 600, 604 (1988) (emphasis omitted).

*Lamb* provides that the dismissal of defendant's possession charges by the district court did not bar the State from bringing those charges upon a new indictment in superior court. The record is devoid of an actual agreement that the dismissals in district court were to be a final disposition of those charges. *See State v. Muncy*, 79 N.C. App. 356, 339 S.E.2d 466 (1986). Essentially, the only evidence before this Court regarding an agreement appears in the transcript of the proceeding. During that proceeding defendant informed D.A. Bowman and Judge Massey about what she believed to be the terms of her agreement with the prosecutor. D.A. Bowman expressed his willingness to honor that agreement, but later stated there was an "assumption" that the agreement also required defendant "pleading guilty to the three sale and deliveries." Thereafter, Judge Massey told defendant that the possession charges "[ha]ve been dismissed, that they will be dismissed." However, since there is nothing in the record substantiating that those charges were formally dismissed, it is unclear whether Judge Massey intended to dismiss the possession charges as the presiding superior court judge at that proceeding or whether he was relying on the State to do so thereafter. Thus, we must remand this issue to the trial court to make findings of fact as to whether or not the possession charges were dismissed at the proceeding by Judge Massey or whether or not they were to be dismissed by the State prior to defendant's trial.

## II.

Next, defendant argues that once D.A. Bowman agreed to dismiss the possession indictments during the proceeding on 6 August 2001, the trial court lacked jurisdiction to try and sentence her on 6 and 7 November 2002 on those charges because the State failed to re-indict

her. However, based on our reasons for remanding this case as stated in Part I, we need not address this argument.

### III.

**[2]** Finally, defendant argues the trial court committed plain error by failing to allow defendant to present evidence of mitigating factors and consider that evidence before sentencing her. "In order to rise to the level of plain error, the error . . . must be so fundamental that (i) absent the error, the jury probably would have reached a differed verdict; or (ii) the error *would constitute a miscarriage of justice* if not corrected." *State v. Holden*, 346 N.C. 404, 435, 488 S.E.2d 514, 531 (1997) (emphasis added). The State contends that this issue is not subject to plain error review because "this Court has held that plain error analysis applies only to jury instructions and evidentiary matters[.]" *State v. Wiley*, 355 N.C. 592, 615, 565 S.E.2d 22, 39-40 (2002), *cert. denied, Wiley v. N.C.*, 537 U.S. 1117, 154 L. Ed. 2d 795 (2003). However, since defendant contends she was not allowed to present *evidence* of mitigating factors, we conclude plain error analysis is applicable in this instance and was committed by the trial court.

When a "trial court imposes sentences within the presumptive range for all offenses of which defendant was convicted, [it] is not obligated to make findings regarding aggravating and mitigating factors." *State v. Rich*, 132 N.C. App. 440, 452-53, 512 S.E.2d 441, 450 (1999), *aff'd*, 351 N.C. 386, 527 S.E.2d 299 (2000). Nevertheless, "[u]nder the Structured Sentencing Act, the trial court must consider evidence of aggravating and mitigating factors" offered by the parties, even if a presumptive sentence is ultimately imposed. *State v. Kemp*, 153 N.C. App. 231, 239, 569 S.E.2d 717, 722, *disc. review denied*, 356 N.C. 441, 573 S.E.2d 158 (2002). Here, the trial court immediately sentenced defendant once the verdict was read without allowing defense counsel an opportunity to present evidence of mitigating factors. We cannot definitively conclude that defendant would not have received a mitigated sentence if the trial court had considered such evidence. Therefore, we remand this case for resentencing after evidence of mitigating factors is offered by defendant and considered by the trial court because to hold otherwise "would constitute a miscarriage of justice" to defendant.

Remanded.

Judges WYNN and TYSON concur.