STATE OF NORTH CAROLINA v. AARON JONES, A/K/A AARON MILLER

No. 110A84

(Filed 5 November 1985)

**Constitutional Law § 34; Criminal Law § 138— multiple sentencing hearings—finding of new aggravating factor at subsequent hearings—no error**

The trial court did not err and defendant was not subject to double jeopardy at his second and third sentencing hearings for second degree murder and armed robbery where the court found as an aggravating factor that defendant had a prior criminal conviction but had not found that factor at the first sentencing hearing. Although double jeopardy principles apply to a second sentencing hearing before a jury in a capital case, proceedings under the Fair Sentencing Act do not involve the finding of elemental facts beyond a reasonable doubt in the nature of a guilt or innocence trial; each of the sentencing hearings in this case was a de novo proceeding brought about by the defendant at which the trial court could find aggravating and mitigating factors without regard to the findings in the prior sentencing hearings. G.S. 15A-1334(b) (1983), G.S. 15A-2000 (1983).

Justice BILLINGS did not participate in the consideration or decision of this case.

APPEAL by defendant from judgments entered by *Strickland, J.,* on 29 June 1984 in Superior Court, CRAVEN County. Heard in the Supreme Court 11 March 1985.

*Lacy H. Thornburg, Attorney General, by George W. Lennon, Assistant Attorney General, for the state.*

*Adam Stein, Appellate Defender, by Malcolm Ray Hunter, Jr., First Assistant Appellate Defender, for defendant.*

MARTIN, Justice.

The defendant challenges on double jeopardy grounds the validity of his last sentencing hearing. We conclude that the sentencing hearing was free from error and must be affirmed.

In brief, the state's evidence showed that defendant, together with Rosa Lee Gibbs and Tonia Jamison, robbed Patricia Phillips, a nineteen-year-old night clerk at the Zip Mart in New Bern, with the use of a .38-caliber pistol. After the three robbers left the Zip Mart, Rosa Lee Gibbs returned and killed Patricia Phillips to eliminate her as a witness. The three also stole Patricia's automobile and were arrested in it at Brunswick, Georgia, soon thereafter. A more detailed review of the evidence may be found in the prior opinion in this case, *State v. Jones,* 309 N.C. 214, 306 S.E. 2d 451 (1983).

Defendant pled guilty to charges of murder in the second degree, armed robbery, conspiracy to commit armed robbery, and felonious larceny. He was sentenced 3 August 1982. Upon appeal to this Court the case was remanded for resentencing because of the failure of the trial judge to find a mitigating factor, N.C.G.S. 15A-1340.4(a)(2), and because the judge improperly found an aggravating factor, N.C.G.S. 15A-1340.4(a)(1)(c). *Jones,* 309 N.C. 214, 306 S.E. 2d 451.

A second sentencing hearing was held on 8 November 1983. Upon motion for appropriate relief, this Court ordered a third sentencing hearing because the second sentences were effectively greater than those originally imposed and thus violated N.C.G.S. 15A-1335.

The results of the three sentencing hearings may be outlined as follows:

State v. Jones

## 3 AUGUST 1982 SENTENCING HEARING

| OFFENSE | AGGRAVATING FACTORS G.S. 15A-1340.4(a)(1) | MITIGATING FACTORS G.S. 15A-1340.4(a)(2) | SENTENCE |
|---|---|---|---|
| second degree murder | c | c | life |
| armed robbery | c, a | c | 40 years |
| felonious larceny | c | c | 5 years |
| conspiracy to commit armed robbery | c | c | 3 years |

## 8-9 NOVEMBER 1983 SENTENCING HEARING

| OFFENSE | AGGRAVATING FACTORS G.S. 15A-1340.4(a)(1) | MITIGATING FACTORS G.S. 15A-1340.4(a)(2) | SENTENCE |
|---|---|---|---|
| second degree murder | o | c, e, l, defendant willing to testify against codefendant | life |
| armed robbery | a, o | e, l, defendant willing to testify against codefendant | 40 years |
| felonious larceny | o | e, l, defendant willing to testify against codefendant | 5 years |
| conspiracy to commit armed robbery | N/A | N/A | 1 year |

State v. Jones

## 29 JUNE 1984 SENTENCING HEARING

| : OFFENSE | : AGGRAVATING<br>: FACTORS<br>: G.S. 15A-<br>: 1340.4(a)(1) | : MITIGATING<br>: FACTORS<br>: G.S. 15A-<br>: 1340.4(a)(2) | : SENTENCE | : |
|---|---|---|---|---|
| : second degree<br>: murder | : o | : c, e, l,<br>: defendant willing<br>: to testify against<br>: codefendant | : life | : |
| : armed robbery | : a, o | : e, l,<br>: defendant willing<br>: to testify against<br>: codefendant | : 40 years | : |
| : felonious<br>: larceny | : N/A | : N/A | : 3 years | : |
| : conspiracy to<br>: commit armed<br>: robbery | : N/A | : N/A | : 1 year | : |

Defendant's sole argument on appeal is that his sentences on the charges of murder in the second degree and armed robbery violate the double jeopardy provisions of the Federal Constitution and the Constitution of North Carolina. Defendant argues that at the first sentencing hearing the trial judge considered and failed to find the aggravating factor that defendant had a prior criminal conviction.[1] Therefore, defendant concludes, principles of double jeopardy prevent the finding of that aggravating factor at the second and third sentencing hearings. Defendant does not contend that the evidence at the third sentencing hearing fails to support the finding of the prior conviction as an aggravating factor. We reject defendant's arguments.

Defendant relies upon *State v. Silhan*, 302 N.C. 223, 275 S.E. 2d 450 (1981). In *Silhan* this Court was concerned with the applica-

---

1. We note that the evidence does not support defendant's contention. The record discloses that no evidence of defendant's prior criminal record was before the trial judge at the first sentencing hearing. Therefore he could not have considered and rejected this factor.

tion of double jeopardy principles to a second sentencing hearing before a jury in a capital case. The Court held in *Silhan* that the sentencing requirements in a capital case are like elements of a criminal offense which the jury must find to exist beyond a reasonable doubt. Formal rules of evidence must be observed. The jury has much the same kind of duty that it has in deciding the guilt of a defendant. Therefore, the Court applied double jeopardy principles dealing with criminal convictions to the finding or failure to find aggravating circumstances in a capital sentencing hearing.

Defendant asks us to extend the rationale of *Silhan* to Fair Sentencing cases. This we decline to do. In the sentencing phase of capital cases the jury must find the facts beyond a reasonable doubt; it has very limited discretion, to be exercised under defined guidelines; it has only two alternatives for its verdict, and its verdict is not recommendatory but constitutes the sentence to be imposed. N.C. Gen. Stat. § 15A-2000 (1983).

In contrast, Fair Sentencing Act cases do not have the hallmarks of a trial on guilt or innocence. The judge hears the evidence without a jury. The formal rules of evidence do not apply. N.C. Gen. Stat. § 15A-1334(b) (1983). Although he must consider all statutory aggravating and mitigating factors that are supported by the evidence, the judge weighs the credibility of the evidence and determines by the preponderance of the evidence whether such factors exist. The judge thereafter determines in his discretion what weight to give to the factors so found. He then must exercise his discretion to decide whether the aggravating factors outweigh the mitigating factors and whether defendant should receive an active sentence and, if so, the length and circumstances of the sentence. *State v. Ahearn*, 307 N.C. 584, 300 S.E. 2d 689 (1983). *See also Bullington v. Missouri*, 451 U.S. 430, 68 L.Ed. 2d 270 (1981); *State v. Melton*, 307 N.C. 370, 298 S.E. 2d 673 (1983); *State v. Williams*, 295 N.C. 655, 249 S.E. 2d 709 (1978). In this respect the trial judge exercises relatively unbridled sentencing discretion. *Silhan*, 302 N.C. 223, 275 S.E. 2d 450. The proceedings under the Fair Sentencing Act do not involve the finding of elemental facts beyond a reasonable doubt in the nature of a guilt or innocence trial. In such proceedings the principles of double jeopardy do not bar the finding of ag-

gravating and mitigating factors different from those found at an earlier sentencing hearing.

Each of the sentencing hearings in this case was a de novo proceeding brought about by the defendant. At such subsequent hearings, the trial court may find aggravating and mitigating factors without regard to the findings in the prior sentencing hearings.

Defendant has received the benefit of three sentencing hearings in this case. By this appeal he seeks yet a fourth. We find no error in the sentencing hearing of 29 June 1984.

Affirmed.

Justice BILLINGS did not participate in the consideration or decision of this case.