STATE OF NORTH CAROLINA v. VIC DAMONE DAYE

No. 8515SC2

(Filed 21 January 1986)

1. **Criminal Law § 138.15— resentencing hearing—new aggravating factor found —no error**

   A trial court in a resentencing hearing may find an aggravating factor that was not found in the original sentencing hearing.

2. **Criminal Law § 138.14— resentencing—new determination of aggravating and mitigating factors**

   On resentencing, the trial court must make a new and fresh determination of the sufficiency of the evidence underlying each factor in aggravation and mitigation, including those factors previously found and affirmed by the appellate court.

3. **Criminal Law § 142.4— restitution—amount unsupported by evidence**

   Regardless of whether restitution is ordered or recommended by the trial court, the amount must be supported by the evidence, and there was no evidence in this case to support a recommendation that defendant pay $5,000 restitution as a condition of work-release. N.C.G.S. 15A-1343(d); N.C.G.S. 148-33.2(c).

APPEAL by defendant from *McLelland, Judge*. Judgment entered 14 September 1984 in Superior Court, ALAMANCE County. Heard in the Court of Appeals 17 September 1985.

*Attorney General Lacy Thornburg, by Special Deputy Attorney General Daniel C. Oakley, for the State.*

*Appellate Defender Adam Stein, by Assistant Appellate Defender Gordon Widenhouse, for defendant appellant.*

BECTON, Judge.

Defendant, Vic Damone Daye, appeals from the second sentencing hearing for his conviction on a guilty plea to second degree murder. The first sentence of thirty years was vacated

because the trial court erred in finding as an aggravating factor that defendant was a danger to himself. *State v. Daye*, No. 8315SC1110 (N.C. Ct. App. filed 1 May 1984). On 14 September 1984, the trial court resentenced defendant to twenty-five years, ten years more than the presumptive term, justified by the findings that defendant was a danger to others, that he had prior convictions, and that these aggravating factors outweighed the mitigating factors.

Defendant contends on appeal that the sentencing court committed reversible error by (1) finding an aggravating factor that was neither urged by the State nor found by the first sentencing court, thus placing defendant twice in jeopardy; (2) failing to conduct a *de novo* sentencing hearing and treating an aggravating factor found in the first sentencing hearing as the law of the case, and (3) recommending that defendant pay $5,000 restitution as a condition of work release. We hold there was no error in the trial court's finding of a new aggravating factor, but we remand for error in the trial court's treatment of the factor previously found. We also hold that the recommendation of restitution was erroneous. Thus, we vacate the sentence and that part of the judgment recommending restitution, and we remand for resentencing *de novo* and more specific findings on the issue of restitution.

I

[1] The first issue on appeal is whether a trial court in a resentencing hearing may find an aggravating factor that was not found in the original sentencing hearing. The Supreme Court recently answered this question in the affirmative. *See State v. Jones*, 314 N.C. 644, 336 S.E. 2d 385 (1985).

In *Jones*, the Supreme Court held that, at a *de novo* resentencing hearing brought about by a defendant, the trial court may find altogether new aggravating, as well as mitigating factors "without regard to the findings in the prior sentencing hearings." Therefore, there was no error on this assignment in the case at bar.

II

[2] Defendant next asserts that the trial court erred during resentencing by treating the prior finding in aggravation that defendant was a danger to others, found in the original sentenc-

ing hearing and approved on appeal, as the law of the case. We agree. In light of the holding in Part I, *supra*, we hold that on resentencing, the trial court must make a new and fresh determination of the sufficiency of the evidence underlying each factor in aggravation and mitigation, including those factors previously found and affirmed by the appellate court. This may require no more than a review of the record and transcript of the trial or original sentencing hearing, at least when no additional evidence is offered at the resentencing hearing. We reject what appears to be an inconsistent argument by the State that the resentencing process is *de novo* when the court reexamines the evidence to find new aggravating factors but is restricted when the court is asked to reexamine the evidence to reconsider factors already found.

The State argues that the language in *State v. Mitchell*, 67 N.C. App. 549, 552, 313 S.E. 2d 201, 203 (1984) controls this case:

> These two aggravating factors were among those found at the first hearing. In the first appeal these same factors were analyzed and found to be without error. Thus, under the doctrine of the law of the case the earlier ruling of approval is binding upon us.

A moment's reflection reveals that this Court in *Mitchell* was discussing the doctrine as it applied to the *appellate* court on a second review of the same two factors. The quoted language does not apply to a trial court conducting a *de novo* review of the evidence.

It is clear from the transcript that the trial court misapprehended the law and felt constrained to find the aggravating factor previously found and upheld:

> MR. MOSELEY: It's simply our position that when the court reviews a trial judge's decision on sentencing, if there's any evidence to support that trial judge at that time, then the answer is, it is supported by record, and it's not to say that the Court of Appeals ruled the same way. Therefore, I would contend that this Court is not bound to rule the same way that Judge Preston did on the same evidence, because this judge looks at the facts afresh, weighing all of the things before it for a new trial *de novo* on sentencing. It is a new

rehearing sentencing. And because Judge Preston found that fact and it's supported by the record, this Court nevertheless is not bound to find that same fact even on the same evidence. That's our position.

THE COURT: Thank you. I understood that to be your position in the first place. But I'm of the opinion that the law of the case is that there are two factors, one aggravating, one mitigating, that have been established in this case, and if the Court finds any factors at all, aggravating or mitigating, it is obliged to find those two. Now whether or not the Court will then—this Court will then find that aggravating or mitigating outweigh is certainly not the law of the case. That's not established in this case. But this case firmly holds that there are two factors, one mitigating, to wit: That before arrest he acknowledged wrongdoing, and the other aggravating, that he is dangerous to others. Those are established. They are the law of the case.

We agree with defendant's trial counsel that the resentencing court must take its own look at the evidence in determining the presence of each factor. Of course, if an appellate court has squarely ruled that certain evidence does not support a certain factor, and the identical evidence is offered at the resentencing hearing to support the same factor, the trial court is bound by the appellate ruling, not because it is the law of the case, but because it is binding precedent directly on point. This is not a limitation on the *de novo* nature of the resentencing proceeding; rather, it is a recognition that the trial court's rulings are always governed by applicable appellate decisions.

## III

[3] Finally, defendant contends the trial court erred in recommending that defendant pay $5,000 restitution as a condition of work-release when that amount was not supported by the evidence. We agree.

An order of restitution as a condition of work-release must be supported by evidence adduced at trial or at sentencing. *State v. Killian,* 37 N.C. App. 234, 238, 245 S.E. 2d 812, 815-16 (1978); N.C. Gen. Stat. Sec. 15A-1343(d) (1983). A recommendation of restitution as a condition of work-release is not binding on the Parole

Commission or Department of Corrections. *State v. Arnette*, 67 N.C. App. 194, 196, 312 S.E. 2d 547, 548 (1984). The State asserts that, although restitution *orders* under G.S. Sec. 15A-1343(d) must be supported by the evidence, perhaps *recommendations* need not be. The State's argument is not fully discussed in its brief, but it appears to be that since G.S. Sec. 15A-1343(d) refers only to "orders," not "recommendations," that the latter are not subject to the same statutory requirement. We disagree. Regardless of whether restitution is ordered or recommended by the trial court, the amount must be supported by the evidence. *Killian*. Although G.S. Sec. 15A-1343(d) refers to orders, N.C. Gen. Stat. Sec. 148-33.2(c) (1983) refers to orders *and* recommendations of restitution and states that they both "shall be in accordance with the applicable provisions of G.S. Sec. 15A-1343(d)." Even though recommendations of restitution are not binding, we see no reason to interpret the statutes of this State to allow judges to make specific recommendations that cannot be supported by the evidence before them.

We also hold that in this case the evidence was insufficient to support the recommendation of restitution. The following discourse was the only evidence regarding the appropriate amount of restitution:

THE COURT: Mr. Hunt [district attorney], is there any matter of restitution that should be brought to the attention of the Court?

MR. HUNT: Your Honor, the family indicated to me that they had a $5,000 life insurance policy on the decedent that was not sufficient to cover the medical—the funeral expenses. They've indicated to me that they were in excess of $5,000.

THE COURT: Well, then, are you asking me to recommend that the defendant pay in excess of $5,000? That's not very specific, you know.

MR. HUNT: $5,000; $5,000; Your Honor, that would be specific, and that amount would just absorb the amount of the debt.

Although we need not discuss the propriety of basing a recommendation on the unsworn statements of the district attorney—

because the parties had previously stipulated to this procedure—we believe there must be something more than a guess or conjecture as to an appropriate amount of restitution. Restitution is not intended to punish defendants, but to compensate victims. There is no predetermined fine or presumption of damages.

For the reasons set forth above, we vacate the sentence and the order of restitution and remand for further proceedings consistent with this opinion.

Vacated and remanded.

Judges WEBB and MARTIN concur.