STATE OF NORTH CAROLINA v. RONALD EARL ABBOTT

No. 8727SC1228

(Filed 19 July 1988)

**Criminal Law § 138.13— resentencing—consideration of prior determination**

The trial judge erred in a resentencing hearing for rape, sexual offense, and kidnapping by basing his decision in part upon his perception of the evidence and judgment at the prior sentencing hearing. Each sentencing hearing in a particular case is a *de novo* proceeding.

APPEAL by defendant from *Kirby, Robert W., Judge.* Judgment entered 28 August 1987 in Superior Court, GASTON County. Heard in the Court of Appeals 3 May 1988.

*Attorney General Lacy H. Thornburg, by Associate Attorney General Richard G. Sowerby, Jr., for the State.*

*Appellate Defender Malcolm Ray Hunter, Jr., by Assistant Appellate Defender Teresa A. McHugh, for defendant-appellant.*

JOHNSON, Judge.

The defendant, Ronald Earl Abbott, was convicted of first-degree rape, first-degree sexual offense and first-degree kidnapping. At defendant's sentencing hearing on 30 January 1986, the trial court found as an aggravating factor that defendant had a prior conviction punishable by more than sixty days in prison and found as a mitigating factor that defendant had been on good behavior in the Gaston County jail and the North Carolina Department of Correction. The trial court then found that the aggravating factors outweighed the mitigating factors, and sentenced defendant to two consecutive life terms plus forty years. Defendant appealed. On appeal, the North Carolina Supreme Court held that defendant could not be sentenced on all three charges and remanded the case for resentencing. *State v. Abbott*, 320 N.C. 475, 358 S.E. 2d 365 (1987).

On 28 August 1987, at the resentencing hearing, the court arrested judgment on the first-degree kidnapping charge and ordered a judgment of guilty of second-degree kidnapping. The court found the same aggravating and mitigating factors as the original sentencing court. The court then sentenced defendant to two consecutive life terms for first-degree rape and for first-degree sexual offense. On the second-degree kidnapping conviction, the court sentenced defendant to an additional term of thirty years, the maximum term allowable. The presumptive term is nine years.

Defendant contends that the resentencing court improperly considered the judgment of the original sentencing court for the purpose of making findings of aggravation and mitigation. The following colloquy by the sentencing court is what defendant contends is error:

The Court: . . . , the Presiding Judge, Claude Sitton, heard this case from the beginning to the end; and he felt it necessary based upon his perception of the evidence in this case to

enter the sentence that he did; and *I've tried to be consistent with Judge Sitton* and also my individual consideration of the factors that you offered me and have, therefore, imposed the sentences I have imposed.

Defendant contends that consideration of and reliance upon the previous court's determination denied defendant his right to a *de novo* hearing. We agree.

It has been established that each sentencing hearing in a particular case is a *de novo* proceeding. *State v. Jones*, 314 N.C. 644, 336 S.E. 2d 385 (1985). Furthermore, in *State v. Daye*, 78 N.C. App. 753, 338 S.E. 2d 557, *aff'd per curiam*, 318 N.C. 502, 349 S.E. 2d 576 (1986), the defendant contended that the trial court erred during a second sentencing hearing by treating the prior finding in aggravation, to wit: that defendant was a danger to others, found in the original hearing and approved on appeal, as the law of the case. This Court held that "on resentencing, the trial court must make *a new and fresh determination of the sufficiency of the evidence* underlying each factor in aggravation and mitigation, including those factors previously found and affirmed by the appellate court." *Id.* at 755, 338 S.E. 2d at 559 (emphasis added).

In the case *sub judice*, the trial court considered the aggravating factor found by the previous trial court, and perused defendant's file before finding the identical aggravating factor. In considering evidence as to the mitigating factor, defendant requested that the court find the identical mitigating factor found by the previous court. The court then stated that the evidence presented was consistent with what the prior court had found, and renewed the finding that defendant had been on good behavior while in prison. It appears that at this point the trial court made a new and fresh determination of the evidence when it found these factors.

This procedure is consistent with this Court's assessment of a trial court's task at the second sentencing hearing enunciated in *Daye, supra*. This Court stated that "[t]his may require no more than a review of the record and transcript of the trial or original sentencing hearing, at least when no additional evidence is offered at the resentencing hearing." *Id.* However, the similarity in this case and *Daye* ends here. The distinguishing factor in *Daye* was that the trial court stated that the previous factors found by

the original court were the law of the case, and thus being bound by those factors, it was not required to make an independent review of them.

In the case *sub judice*, the trial court's statement that it was trying to be consistent with Judge Sitton, while not intimating that the previous findings were the law of the case, indicates to us that its decision was not independent. We agree with defendant that it appears that the resentencing court based its decision in part upon the trial court's perception of the evidence and judgment at the prior sentencing hearing. In having made the aforementioned statement, the trial court created an ambiguity as to its reasoning for imposing the sentence that it did. The judgment by the previous court on the first-degree kidnapping charge was the maximum term allowed, and the judgment entered by the new resentencing court was for the maximum term allowed as well. To us, the identical sentencing, coupled with the statement suggests that the court sentenced defendant consistently with the previous court and not upon its independent decision-making process.

Thus, the apparent consideration of the trial court's judgment upon resentencing violated the defendant's right to a hearing *de novo*. Accordingly, for all the aforementioned reasons, we vacate the sentence imposed and remand for a new resentencing hearing.

Vacated and remanded.

Judges PHILLIPS and SMITH concur.