STATE OF NORTH CAROLINA
v.
CHRISTOPHER BERNAR PATTERSON
No. COA08-1571
Court of Appeals of North Carolina
Filed: July 7, 2009.
This case not for publication
Attorney General Roy Cooper, by Assistant Attorney General Catherine F. Jordan, for the State.
Geoffrey W. Hosford for defendant.
BRYANT, Judge.
Defendant Christopher Patterson appeals from a judgment entered 28 August 2008 on the charges of first-degree rape and second-degree kidnapping. Defendant was sentenced to a term of 240 to 297 months in the custody of the Department of Correction. For the reasons stated herein, we find no error in the judgment of the trial court.

Facts
On 7 November 2005, the Anson County Grand Jury returned indictments charging Christopher Bernar Patterson ("defendant") with one count each of first-degree rape and first-degree kidnapping and two counts of second-degree kidnapping. Defendant's case came on for trial on 15 January 2007. The trial court granted defendant's motion to dismiss one of the charges of second-degree kidnapping, and the jury subsequently found defendant guilty of the remaining charges.
On 22 January 2007, the trial court entered judgments consistent with the jury verdict and found defendant to be a prior record Level I for felony sentencing purposes. The trial court consolidated the charges of first-degree rape and first-degree kidnapping into one judgment and sentenced defendant to a term of 240 to 297 months imprisonment. The trial court sentenced defendant to a consecutive term of 25 to 39 months imprisonment for the conviction for second-degree kidnapping.
Defendant appealed to this Court and, in an unpublished opinion filed 19 February 2008, this Court held that the trial court erred in sentencing defendant for both first-degree rape and first-degree kidnapping where both convictions were based upon the same sexual assault. State v. Patterson, No. COA07-622, 2008 N.C. App. LEXIS 271 (N.C. Ct. App. Feb. 19, 2008). We remanded the matter for a new sentencing hearing and instructed the trial court to either "1) arrest judgment on the first-degree kidnapping conviction and resentence for second-degree kidnapping, or 2) arrest judgment on the rape conviction and resentence on the first-degree kidnapping conviction." Id.
On 28 August 2008, the trial court conducted defendant's resentencing hearing. In accordance with the instructions given by this Court, the trial court arrested judgment on defendant's conviction for first-degree kidnapping and sentenced defendant for second-degree kidnapping, a Class E felony. The trial court again found defendant to be a prior record Level I for felony sentencing purposes and entered a consolidated judgment on the convictions for first-degree rape and second-degree kidnapping, sentencing defendant to a term of 240 to 297 months imprisonment. Defendant appeals.
We first address the State's motion to dismiss defendant's appeal and arguments that defendant has waived the argument he presents on appeal. In both the its brief to this Court and a separately filed motion to suppress, the State argues defendant has failed to show he possesses a right to appeal his presumptive sentence. The State appears to treat defendant's appeal as if he were appealing from a judgment entered upon a guilty plea, for which he would have a limited right to appeal. Generally, a defendant who appeals from judgments entered pursuant to a guilty plea has a right to appeal only:
(1) whether the sentence is supported by the evidence (if the minimum term of imprisonment does not fall within the presumptive range); (2) whether the sentence results from an incorrect finding of the defendant's prior record level under N.C. Gen. Stat. § 15A-1340.14 or the defendant's prior conviction level under N.C. Gen. Stat. § 15A-1340.21; (3) whether the sentence constitutes a type of sentence not authorized by N.C. Gen. Stat. § 15A-1340.17 or § 15A-1340.23 for the defendant's class of offense and prior record or conviction level; (4) whether the trial court improperly denied the defendant's motion to suppress; and (5) whether the trial court improperly denied the defendant's motion to withdraw his guilty plea.
State v. Carter, 167 N.C. App. 582, 584, 605 S.E.2d 676, 678 (2004); see also N.C. Gen. Stat. § 15A-1444(a1),(a2),(e) (2007). "In addition, N.C. Gen. Stat. § 15A-1432(d) . . . allows a defendant, under certain circumstances, to appeal on an interlocutory basis a superior court's order reinstating criminal charges after a district court dismissal." State v. Brown, 170 N.C. App. 601, 606, 613 S.E.2d 284, 287 (2005). In the instant case, defendant is not challenging whether his sentence is supported by sufficient evidence introduced at trial or the resentencing hearing, and the trial court entered judgment against defendant after a jury found defendant guilty of the offenses charged. Thus, defendant has a right to appeal from the judgment entered upon resentencing. N.C. Gen. Stat. § 15A-1444(a) (2007).
The State further argues defendant has waived the argument he presents in his brief to this Court because he did not raise the issue on appeal before the trial court at his resentencing hearing. See N.C.R. App. P. 10(b)(1) ("In order to preserve a question for appellate review, a party must have presented to the trial court a timely request, objection or motion, stating the specific grounds for the ruling the party desired the court to make if the specific grounds were not apparent from the context."). However "[o]ur Supreme Court has held that an error at sentencing is not considered an error at trial for the purpose of N.C. Rule 10(b)(1) of the North Carolina Rules of Appellate Procedure." State v. Hargett, 157 N.C. App. 90, 92, 577 S.E.2d 703, 705 (2003) (citing State v. Canady, 330 N.C. 398, 410 S.E.2d 875 (1991)). Accordingly, we deny the State's motion to dismiss defendant's appeal and address the merits of defendant's argument.
Defendant's sole argument on appeal is that the trial court denied defendant his right to due process and a de novo resentencing hearing. Defendant contends the trial court improperly adopted the sentencing determinations of the original sentencing judge. We disagree.
It is well established that "each sentencing hearing in a particular case is a de novo proceeding." State v. Abbott, 90 N.C. App. 749, 751, 370 S.E.2d 68, 69 (1988). At a resentencing hearing, the trial court must make a new and fresh consideration of the evidence relevant to a defendant's sentence. See State v. Hemby, 333 N.C. 331, 335, 426 S.E.2d 77, 79 (1993) (holding "[o]n resentencing[,] the judge makes a new and fresh determination of the presence in the evidence of aggravating and mitigating factors. The judge has discretion to accord to a given factor either more or less weight than a judge, or the same judge, may have given at the first hearing."). "This may require no more than a review of the record and transcript of the trial or original sentencing hearing, at least when no additional evidence is offered at the resentencing hearing." State v. Daye, 78 N.C. App. 753, 755, 338 S.E.2d 557, 559 (1986). Additionally, upon resentencing, a trial court may even change the way in which it consolidates convictions for sentencing purposes, so long as the ultimate sentence imposed upon remand does not exceed the original sentence. State v. Ransom, 80 N.C. App. 711, 713, 343 S.E.2d 232, 234 (1986). "Although sentences in the aggravated range require findings of aggravating factors and those in the mitigated range findings of mitigating factors, the trial court is free to choose a sentence from anywhere in the presumptive range without findings other than those in the jury's verdict." State v. Norris, 360 N.C. 507, 512, 630 S.E.2d 915, 918 (2006); compare Abbott, 90 N.C. App. 749, 370 S.E.2d 68 (holding the defendant's resentencing hearing was improperly conducted where the trial court attempted to re-sentence in the aggravated range only to be consistent with the initial sentence imposed). Though a court's consideration of irrelevant and improper matter in determining the severity of a sentence is in violation of a defendant's rights, "[a] sentence within the statutory limit will be presumed regular and valid." State v. Pate, 187 N.C. App. 442, 450, 653 S.E.2d 212, 217 (2007) (citation omitted).
Here, the trial court held a sentencing hearing where evidence was presented by the State and by defendant. Thereafter, the trial court, without making any findings in aggravation or mitigation, resentenced defendant to a term of imprisonment in the presumptive range. In resentencing defendant, the trial court made the following statement:
The [c]ourt has reviewed the decision of the North Carolina Court of Appeals where it has remanded this back to the Superior Court for resentencing. There are two options which have been stated by the Court of Appeals.
While I was not the trial Judge, Judge Beale was. Judge Beale had an opportunity to hear this matter and determine what was the appropriate judgment in his opinion.
Based on the decision of the Court of Appeals, the options which they have made available to me today, the [c]ourt is going to arrest judgment on the first degree kidnapping and sentence the defendant for second degree kidnapping, which is a Class E felony.
We hold such does not taint the presumption of a regular and valid sentence imposed in the presumptive range. Accordingly, this assignment of error is overruled.
No error.
Chief Judge MARTIN and Judge ELMORE concur.
Report per Rule 30(e).