IN THE COURT OF APPEALS OF NORTH CAROLINA

 No. COA16-506

 Filed: 1 November 2016

Wayne County, Nos. 11 CRS 6031, 53813

STATE OF NORTH CAROLINA

 v.

LEONARD HARDY, Defendant.

 Appeal by defendant from judgment entered 30 November 2015 by Judge Paul

L. Jones in Wayne County Superior Court. Heard in the Court of Appeals 21

September 2016.

 Attorney General Roy Cooper, by Solicitor General John F. Maddrey, for the
 State.

 Appellate Defender Glenn Gerding, by Assistant Appellate Defender Hannah H.
 Love, for defendant-appellant.

 ENOCHS, Judge.

 Leonard Hardy (“Defendant”) appeals from the trial court’s judgment re-

sentencing him to 77 to 102 months imprisonment and ordering him to pay $7,408.91

in restitution. On appeal, he contends that the trial court deprived him of his right

to a de novo sentencing hearing and erred by failing to reconsider its prior restitution

award. After careful review, we affirm.

 Factual Background
 STATE V. HARDY

 Opinion of the Court

This case is before us for the second time. The underlying facts are set out more fully

in State v. Hardy, ___ N.C. App. ___, ___, 774 S.E.2d 410, 412-13 (2015) (“Hardy I ”),

and are quoted, in pertinent part, as follows:

 On 25 July 2011, Zulema Bass (“Ms. Bass”) arrived
 home and noticed that her mobile home was hot inside even
 though the air-conditioner was on. After hearing a loud
 noise outside, she asked her fifteen-year-old son Brendell
 Bass (“Brendell”) to investigate. Brendell went to the back
 door and began screaming that a man [later identified as
 Defendant] was out there. Ms. Bass ran to the door and
 saw a man riding away on a bicycle; she only saw half of
 the man’s face and was unable to identify him. Ms. Bass
 went outside and saw that the air-conditioning unit was
 “demolished” and noticed a twisted pipe on the ground
 beside the unit. She also noticed that there was extensive
 water damage under her home from “pipes leaking
 everywhere.” Ms. Bass called 911. . . .

 ....

 Jack Gregory (“Mr. Gregory”), a handyman with 40
 years of experience, testified that he went to Ms. Bass’s
 mobile home to inspect and attempt to repair the air-
 conditioner. Mr. Gregory explained that Ms. Bass’s air-
 conditioner was a two-piece unit. The outside unit was a
 condensing unit, which sat on the ground outside the
 mobile home and is connected to a second unit. The second
 unit, known as the A-coil, was located on the inside of the
 home and sat on the top of the home’s heater. A high
 pressure copper pipe beneath the mobile home connected
 the outside unit to the indoor A-coil. Mr. Gregory testified
 that Ms. Bass’s outside condensing unit had been
 completely “gutted.” The compressor had been completely
 removed, and the wiring in the control box had been pulled
 out. Almost the entire high pressure copper piping that
 ran beneath the home had been removed. Mr. Gregory also
 noted some water line damage in the crawlspace of the

 -2-
 STATE V. HARDY

 Opinion of the Court

 mobile home; the water lines were broken so extensively
 that the entire back side of the brick wall on the
 underpinning was “soaked through.” The air-conditioner
 was inoperable and beyond repair.

 Dale Davis (“Mr. Davis”) testified that he owned the
 mobile home but used it as a rental property. He testified
 that he had received an estimate of over $6,000 to repair
 “just the AC” from Jackson & Sons.

 On 7 November 2011, Defendant was indicted for (1) breaking and entering;

(2) larceny after breaking and entering; (3) possession of stolen goods; (4) injury to

real property; and (5) attaining the status of an habitual felon. Beginning on 13

February 2012, a jury trial was held before the Honorable W. Allen Cobb, Jr., in

Wayne County Superior Court.

 Defendant was found guilty of all charges. In exchange for the State’s

recommendation of a mitigated sentence, Defendant pled guilty to attaining habitual

felon status. Id. at ___, 774 S.E.2d at 413.

 On 14 February 2012, the trial court sentenced Defendant to 77 to 102 months

imprisonment and ordered Defendant to pay $7,408.91 in restitution. Id. at ___, 774

S.E.2d at 413. After sentencing Defendant, the trial court arrested judgment on

Defendant’s conviction for possession of stolen goods. However, the trial court did

not modify Defendant’s sentence and he appealed. Id. at ___, 774 S.E.2d at 414.

 Defendant raised multiple issues on his initial appeal, including an argument

that the trial court erred during sentencing. We held as follows as to that issue:

 -3-
 STATE V. HARDY

 Opinion of the Court

 Finally, defendant argues that the trial court erred
by sentencing him for both felony larceny and felony
possession of stolen goods and that the trial court’s order
arresting judgment for felony possession of stolen goods did
not cure the error. We agree and remand for resentencing.

 When the trial court consolidates multiple
convictions into a single judgment but one of the
convictions was entered in error, the proper remedy is to
remand for resentencing when the appellate courts “are
unable to determine what weight, if any, the trial court
gave each of the separate convictions . . . in calculating the
sentences imposed upon the defendant.” State v. Moore,
327 N.C. 378, 383, 395 S.E.2d 124, 127-28 (1990).

 Here, defendant was indicted for and convicted of
felony larceny and felonious possession of stolen goods
(“felony possession”). After the jury returned its verdict,
based on the State’s agreement to a mitigated sentence,
defendant pled guilty to attaining habitual felon status
pursuant to N.C. Gen. Stat. § 14-7.6. After determining
that defendant had a prior record level of IV, the trial court
consolidated the offenses for judgment and sentenced him
to 77 months to 102 months imprisonment. Under the
version of N.C. Gen. Stat. § 14-7.6 that was in effect at the
time defendant committed the offenses, defendant was
automatically sentenced as a Class C felon. Although the
State requested a sentence at the high end of the mitigated
range, the trial court imposed a sentence in the midpoint
of the mitigated range. Defendant was sentenced to 77 to
102 months imprisonment. The allowable mitigated
sentence for these offenses committed by a defendant with
a class IV prior record level ranges from a minimum of 66
to a maximum of 166 months imprisonment.

 Later the same day, following the sentencing
hearing, likely based on the trial court’s recognition that a
defendant may be [sic] not be convicted of both larceny and
possession of stolen property based on the same conduct,
State v. Perry, 305 N.C. 225, 237, 287 S.E.2d 810, 817

 -4-
 STATE V. HARDY

 Opinion of the Court

 (1982)[,] overruled on other grounds by State v. Mumford,
 364 N.C. 394, 699 S.E.2d 911 (2010), the trial court
 arrested judgment on the felony possession conviction but
 did not modify defendant’s sentence.

 Despite the trial court’s subsequent order arresting
 the entry of judgment for felony possession, we are unable
 to determine whether the trial court gave any weight to
 that conviction when it sentenced defendant in the middle
 of the mitigated range instead of at a lower point in that
 range, especially since the trial court found the mitigating
 factor that defendant accepted responsibility for his
 criminal conduct and found no factors in aggravation.
 Therefore, we must remand this matter back to the trial
 court for resentencing. See Moore, 327 N.C. at 383, 395
 S.E.2d at 128. Sentencing within the mitigated range
 remains within the trial court’s discretion.

 ....

 In sum, we conclude that the trial court did not
 commit prejudicial error when it overruled defense
 counsel’s objection and refused to strike hearsay testimony.
 We further conclude that, given the evidence in this case,
 the trial court did not err in denying defendant’s motion to
 dismiss the charge of injury to real property and did not err
 in instructing the jury that the air-conditioner was real
 property. Because the amount of restitution was supported
 by evidence at trial, the trial court’s order of restitution was
 without error. Finally, because we are unable to determine
 what weight, if any, the trial court gave to the erroneous
 entry of judgment on felony possession despite the fact that
 the trial court later arrested that judgment, we must
 remand for resentencing.

Id. at ___, 774 S.E.2d at 420-21 (internal footnote omitted).

 On remand, the trial court conducted a new sentencing hearing on 30

November 2015 before the Honorable Paul L. Jones in Wayne County Superior Court

 -5-
 STATE V. HARDY

 Opinion of the Court

which is the subject of the present appeal. At the hearing, Defendant introduced new

evidence as to the amount of restitution that should be awarded. He then requested

that he be resentenced at the low end of the mitigated range based on the following

representation made by his trial counsel:

 [Defendant is] 55 years old. He’s at Caledonia Work Farm,
 which is where he’s spent the last two or three years, and
 he’s not gotten in any trouble, he tells me -- and he works
 with chickens; and his sister lives in Wayne County, and
 he feels like, and I feel like, once he gets out he can get a
 job in Wayne County or Lenoir County working with
 chickens.

 After considering the parties’ arguments and evidence, the trial court

sentenced Defendant to 77 to 102 months imprisonment which is within the mitigated

range and was the same term imposed by Judge Cobb at Defendant’s original

sentencing hearing. The trial court left the $7,408.91 restitution award in place after

examining the State’s exhibits concerning restitution which were re-admitted at the

re-sentencing hearing. Defendant gave oral notice of appeal in open court.

 Analysis

I. Re-Sentencing Hearing

 Defendant’s first argument on appeal is that the trial court deprived him of his

right to a de novo sentencing hearing. Specifically, he contends that the trial court

merely deferred to Judge Cobb’s judgment and left his prior sentence in place without

 -6-
 STATE V. HARDY

 Opinion of the Court

considering the matter anew and conducting an independent review of the evidence

presented at the re-sentencing hearing. We disagree.

 “For all intents and purposes the resentencing
 hearing is de novo as to the appropriate sentence. On
 resentencing the judge makes a new and fresh
 determination of the presence in the evidence of
 aggravating and mitigating factors. The judge has
 discretion to accord to a given factor either more or less
 weight than a judge, or the same judge, may have given at
 the first hearing. However, in the process of weighing and
 balancing the factors found on rehearing the judge cannot
 impose a sentence greater than the original sentence.”

State v. Morston, 221 N.C. App. 464, 469, 728 S.E.2d 400, 405 (2012) (internal

citations omitted) (quoting State v. Mitchell, 67 N.C. App. 549, 551, 313 S.E.2d 201,

202 (1984)). “[W]hen a trial court relies on a previous court’s sentence determination

and fails to conduct its own independent review of the evidence, a defendant is

deprived of a de novo sentencing hearing.” State v. Watkins, ___ N.C. App. ___, ___,

783 S.E.2d 279, 284 (2016). Significantly, however, “[a] trial court’s resentencing of

a defendant to the same sentence as a prior sentencing court is not ipso facto evidence

of any failure to exercise independent decision-making or conduct a de novo review.”

Morston, 221 N.C. App. at 470, 728 S.E.2d at 406.

 Here, Defendant argues that the re-sentencing transcript suggests that the

trial court did not conduct a de novo review, but rather simply relied upon and re-

implemented Judge Cobb’s original determination of Defendant’s sentence.

Specifically, Defendant points to the following statement of Judge Jones:

 -7-
 STATE V. HARDY

 Opinion of the Court

 Well, I don’t think it would be appropriate for the Court to
 basically overrule Judge Cobb. He heard the evidence, he
 arrested judgment, and he still considered that the
 sentence did not need to be disturbed.

 Based upon that, Judge Cobb being aware of all the
 facts, the Court resentences him to a term of 77 to 102
 months in the North Carolina Department of Corrections.
 Thank you.

 However, a broader reading of the re-sentencing hearing transcript does not,

as Defendant posits, tend to show that Judge Jones was merely deferring to and

adopting Judge Cobb’s findings and ruling. Rather, it reveals that after allowing both

Defendant and the State the opportunity to present new evidence at the hearing,

Judge Jones reviewed the evidence and made his own determination as to

Defendant’s sentence in accordance with Morston. We read Judge Jones’ above-

quoted statement at the conclusion of the hearing as simply reflecting his agreement

with Judge Cobb’s ruling based on his own independent assessment. It does not, upon

an examination of the entirety of the proceedings, indicate that Judge Jones was

operating under a misapprehension of the law in that he believed he was obligated to

take Judge Cobb’s ruling into consideration in reaching his ultimate determination.

 Defendant’s citation to State v. Abbott, 90 N.C. App. 749, 370 S.E.2d 68 (1988),

is thus inapposite to the facts of the present case. In Abbot, at the defendant’s re-

sentencing hearing, the trial judge expressly stated “ ‘I’ve tried to be consistent with

 -8-
 STATE V. HARDY

 Opinion of the Court

[the original sentencing judge]’ ” and then “perused defendant’s file before finding the

identical aggravating factor.” Id. at 751, 370 S.E.2d at 69.

 In the present case, Judge Jones allowed Defendant the opportunity to put on

additional evidence concerning why he should be sentenced at the low end of the

mitigated range. Instead of doing so, Defendant chose to only introduce new evidence

as to why the amount of the restitution award should be reduced. In fact, all that

Defendant’s trial counsel presented to the trial court as to why Defendant’s prison

sentence should be reduced was his own argument — unsupported by any evidence

— that

 [Defendant is] 55 years old. He’s at Caledonia Work Farm,
 which is where he’s spent the last two or three years, and
 he’s not gotten in any trouble, he tells me -- and he works
 with chickens; and his sister lives in Wayne County, and
 he feels like, and I feel like, once he gets out he can get a
 job in Wayne County or Lenoir County working with
 chickens.

 “[I]t is axiomatic that the arguments of counsel are not evidence.” State v.

Collins, 345 N.C. 170, 173, 478 S.E.2d 191, 193 (1996). Therefore, the above-quoted

statement of Defendant’s attorney does not constitute competent evidence as to why

Defendant’s prison sentence should have been reduced.

 Consequently, because we find that Judge Jones did, in fact, undertake his own

independent evaluation of the evidence and did not operate under any

misapprehension of the law that he was obligated to defer to Judge Cobb’s original

 -9-
 STATE V. HARDY

 Opinion of the Court

sentence, and because Defendant did not present any new evidence at the re-

sentencing hearing as to why he should be given a lesser sentence at the low end of

the mitigated range, we hold that the trial court did not err in re-sentencing

Defendant to 77 to 102 months imprisonment. Defendant’s argument on this issue is

overruled.

II. Law of the Case Doctrine

 Defendant’s final argument on appeal is that the trial court erred in failing to

find that the restitution award entered against Defendant should be reduced in light

of the new evidence he introduced at the re-sentencing hearing as to the valuation of

the cost to fix the damage to the mobile home. Once again, we disagree.

 [T]his Court’s interpretation of its own mandate is properly
 considered an issue of law reviewable de novo. On the
 remand of a case after appeal, the mandate of the
 reviewing court is binding on the lower court, and must be
 strictly followed, without variation and departure from the
 mandate of the appellate court. It is well-established that
 in discerning a mandate’s intent, the plain language of the
 mandate controls.

Watkins, ___ N.C. App. at ___, 783 S.E.2d at 282-83 (internal citations, quotation

marks, and brackets omitted).

 We have recently emphasized that “remands may be general or limited in

scope. . . . [I]n the context of resentencing remands, a limited remand must convey

clearly the intent to limit the scope of the district court’s review.” Id. at ___, 783

S.E.2d at 283-84 (internal quotation marks and brackets omitted). It is also the case

 - 10 -
 STATE V. HARDY

 Opinion of the Court

that “the mandate must be construed in the context of the entire opinion and

reasoning underlying the remand.” Id. at ___, 783 S.E.2d at 285.

 Defendant asserts that our remand of the case in Hardy I was a general, as

opposed to a limited, remand. However, a plain reading of Hardy I clearly indicates

that our remand was limited in nature and only applicable to the length of

Defendant’s prison sentence and whether or not it should have been at the lower end

— as opposed to the middle — of the mitigated range. As we unambiguously stated

in Hardy I,

 [b]ecause the amount of restitution was supported by
 evidence at trial, the trial court’s order of restitution was
 without error. Finally, because we are unable to determine
 what weight, if any, the trial court gave to the erroneous
 entry of judgment on felony possession despite the fact that
 the trial court later arrested that judgment, we must
 remand for resentencing.

___ N.C. App. at ___, 774 S.E.2d at 421.

 Hardy I clearly resolved and foreclosed any reconsideration by the trial court

of the restitution award entered against Defendant on remand. Our mandate plainly

limited the re-sentencing proceedings to a determination of where in the mitigated

range the term of Defendant’s prison sentence should fall. Consequently, the trial

court did not err in declining to reconsider the restitution award during re-

sentencing. Indeed, had it done so, it would have violated our mandate. As a result,

Defendant’s argument on this issue is without merit.

 - 11 -
 STATE V. HARDY

 Opinion of the Court

 Conclusion

For the reasons stated above, Defendant’s sentence is affirmed.

AFFIRMED.

Judge ELMORE concurs.

Judge ZACHARY concurs in part and dissents in part in a separate opinion.

 - 12 -
 No. COA16-506 – State v. Hardy

 ZACHARY, Judge, concurring in part and dissenting in part.

 I concur with the majority that, on the facts of this case, the trial court did not

err by declining to enter a new order for restitution. I cannot agree, however, with

the majority’s conclusion that the trial court afforded defendant the de novo

sentencing hearing to which he was entitled. The trial court explicitly stated that if,

in resentencing defendant, the court were to impose a sentence that differed from

that of the original sentencing judge, such a sentence would be “inappropriate” and

would constitute “overruling” the original sentencing judge. Moreover, review of the

resentencing transcript reveals no countervailing statements by the trial court

suggesting that the court based its resentencing decision upon an independent review

of the evidence. For this reason, I would hold that the trial court deprived defendant

of his right to a de novo sentencing hearing, and respectfully dissent from the

majority’s holding on this issue.

 It is long “established that each sentencing hearing in a particular case is a de

novo proceeding.” State v. Abbott, 90 N.C. App. 749, 751, 370 S.E.2d 68, 69 (1988)

(citing State v. Jones, 314 N.C. 644, 336 S.E.2d 385 (1985)). “ ‘[D]e novo means fresh

or anew; for a second time;’ and a de novo hearing in a reviewing court is a new

hearing, as if no action had been taken in the court below.” State v. Watkins, __ N.C.

App. __, __, 783 S.E.2d 279, 283 (2016) (quoting In re Hayes, 261 N.C. 616, 622, 135

S.E.2d 645, 649 (1964)).
 STATE V. HARDY

 ZACHARY, J., concurring in part and dissenting in part

 In State v. Daye, 78 N.C. App. 753, 755, 338 S.E.2d 557, 559 (1986), this Court

noted that a “new and fresh determination” on resentencing “may require no more

than a review of the record and transcript of the trial or original sentencing hearing,

at least when no additional evidence is offered at the resentencing hearing.” On the

other hand, “ ‘the trial court must consider evidence of aggravating and mitigating

factors’ offered by the parties, even if a presumptive sentence is ultimately imposed.”

State v. Knott, 164 N.C. App. 212, 217, 595 S.E.2d 172, 176 (2004) (quoting State v.

Kemp, 153 N.C. App. 231, 239, 569 S.E.2d 717, 722, disc. review denied, 356 N.C. 441,

573 S.E.2d 158 (2002)). Thus the admission of new evidence is not dispositive on the

issue of whether the trial court properly afforded a defendant a de novo sentencing

hearing. Instead, the critical inquiry is whether the trial court’s “consideration of

and reliance upon the previous court’s determination denied defendant his right to a

de novo hearing.” Abbott, 90 N.C. App. at 751, 370 S.E.2d at 69.

 In examining a defendant’s contention that on resentencing the trial court

improperly relied upon the previous judge’s sentence, we consider the trial court’s

statements in the context of the entire proceeding. For example, in State v. Morston,

221 N.C. App. 464, 728 S.E.2d 400 (2012), the defendant argued that he had not

received a de novo sentencing hearing because the trial court had characterized the

purpose of the resentencing as being “to rectify the paperwork more than anything

else.” Morston, 221 N.C. App. at 468, 728 S.E.2d at 405. This Court acknowledged

 2
 STATE V. HARDY

 ZACHARY, J., concurring in part and dissenting in part

the trial court’s statement, but held that a review of the proceeding indicated that the

trial court did not simply rely on its prior ruling:

 . . . [T]he trial court made more than just the statement
 that it was correcting previous clerical errors, but in fact
 stated, “[h]aving heard testimony— new testimony today
 and also having received the transcript of the trial, based
 on all of that, I will render my judgments now, so, Mr.
 Morston, if you would stand up.” Three of the six mitigating
 factors found by the trial court at the 2011 hearing were
 not found at the prior sentencing hearings. Moreover,
 defendant testified at the 2011 hearing after not testifying
 in either of the previous hearings. Clearly, the trial court
 considered new evidence and made new determinations
 regarding the mitigating factors in hearing defendant’s
 testimony.

Morston at 470, 728 S.E.2d at 405-06.

 However, where a review of the resentencing hearing shows that “the

resentencing court improperly considered the judgment of the original sentencing

court,” the resentencing judge’s “consideration of and reliance upon the previous

court’s determination denie[s] defendant his right to a de novo hearing.” Abbott, 90

N.C. App. at 750-51, 370 S.E.2d at 69. In Abbott, the trial court stated that:

 COURT: . . . [T]he Presiding Judge, Claude Sitton, heard
 this case from the beginning to the end; and he felt it
 necessary based upon his perception of the evidence in the
 case to enter the sentence that he did; and I’ve tried to be
 consistent with Judge Sitton and also my individual
 consideration of the factors that you have offered me and
 have, therefore, imposed the sentences that I have
 imposed.

 3
 STATE V. HARDY

 ZACHARY, J., concurring in part and dissenting in part

Abbott at 750-51, 370 S.E.2d at 69 (emphasis in original). On these facts we held

that:

 In the case sub judice, the trial court’s statement that it
 was trying to be consistent with Judge Sitton, while not
 intimating that the previous findings were the law of the
 case, indicates to us that its decision was not independent.
 We agree with defendant that it appears that the
 resentencing court based its decision in part upon the trial
 court’s perception of the evidence and judgment at the prior
 sentencing hearing. In having made the aforementioned
 statement, the trial court created an ambiguity as to its
 reasoning for imposing the sentence that it did. . . . Thus,
 the apparent consideration of the trial court’s judgment
 upon resentencing violated the defendant’s right to a
 hearing de novo.

Abbott at 752, 370 S.E.2d at 69-70.

 A review of the transcript of the resentencing hearing in this case reveals that

each and every statement of the trial court regarding the court’s role in resentencing

reflected the court’s misapprehension of the de novo nature of the proceeding. Judge

W. Allen Cobb, Jr. presided over defendant’s original sentencing hearing. When the

prosecutor summarized the procedural history of the case and explained that this

Court had remanded it for a new sentencing hearing, the trial court responded by

asking, “So I’m supposed to get in Judge Cobb’s head?” This comment shows that the

trial court was approaching the resentencing as a referendum on Judge Cobb’s

original sentence, and not as a fresh look at the evidence. The prosecutor did not

discourage this reasoning and argued to the court that “Judge Cobb heard the trial,

 4
 STATE V. HARDY

 ZACHARY, J., concurring in part and dissenting in part

heard the evidence” and that “the State’s position” was that Judge Cobb had imposed

a fair sentence. Following the presentation of evidence and arguments of counsel, the

trial court stated that:

 THE COURT: Well, I don’t think it would be appropriate
 for the Court to basically overrule Judge Cobb. He heard
 the evidence, he arrested judgment, and he still considered
 that the sentence did not need to be disturbed. Based upon
 that, Judge Cobb being aware of all the facts, the Court
 resentences him to a term of 77 to 102 months in the North
 Carolina Department of Corrections.

 I find Abbott to be functionally indistinguishable from the present case, and to

be controlling on the issue of whether defendant was afforded a de novo resentencing

hearing. Indeed, a review of the transcript of the resentencing hearing in this case

reveals that the trial court’s reliance upon the original sentencing judge’s sentence

was more explicit than that of Abbott, in that (1) unlike the trial judge in Abbott, the

court in the present case did not mention its “individual consideration of the factors

that you have offered me,” or make any other statement indicating that it had made

an independent review of the evidence, and (2) while the trial judge in Abbott stated

that it had “tried to be consistent” with the original sentencing court, in this case the

trial court expressly stated that it would be “inappropriate” and would constitute

“overruling” Judge Cobb to impose a different sentence. It is hard to imagine how the

court could have been more straightforward about its misapprehension of the nature

of a resentencing hearing.

 5
 STATE V. HARDY

 ZACHARY, J., concurring in part and dissenting in part

 The majority acknowledges the trial court’s statements, but holds that “a

broader reading of the resentencing transcript” establishes that the trial court’s

comments were “simply reflecting his agreement with Judge Cobb’s ruling based on

his own independent assessment.” The majority opinion does not identify any

excerpts from the resentencing transcript that demonstrate an “independent

assessment” by the trial court, and my own review fails to reveal any statements by

the trial court suggesting that it took a fresh look at the evidence. Moreover,

regardless of the trial court’s internal reasoning as regards defendant’s sentence,

“having made the aforementioned statement, the trial court created an ambiguity as

to its reasoning for imposing the sentence that it did. . . . [T]he apparent consideration

of the trial court’s judgment upon resentencing violated the defendant’s right to a

hearing de novo.” Abbott at 752, 370 S.E.2d at 70.

 I believe that the record in this case establishes beyond dispute that the trial

court explicitly considered the sentence imposed by the original sentencing judge in

resentencing defendant, thereby depriving defendant of a de novo sentencing

proceeding. I would reverse and remand for a new sentencing proceeding. For this

reason, I respectfully dissent from the majority opinion.

 6