ZACHARY, Judge, concurring in part and dissenting in part.
I concur with the majority that, on the facts of this case, the trial court did not err by declining to enter a new order for restitution. I *234 cannot agree, however, with the majority's conclusion that the trial court afforded defendant the de novo sentencing hearing to which he was entitled. The trial court explicitly stated that if, in resentencing defendant, the court were to impose a sentence that differed from that of the original sentencing judge, such a sentence would be "inappropriate" and would constitute "overruling" the original sentencing judge. Moreover, review of the resentencing transcript reveals no countervailing statements by the trial court suggesting that the court based its resentencing decision upon an independent review of the evidence. For this reason, I would hold that the trial court deprived defendant of his right to a de novo sentencing hearing, and respectfully dissent from the majority's holding on this issue.
It is long "established that each sentencing hearing in a particular case is a de novo proceeding." State v. Abbott , 90 N.C.App. 749, 751, 370 S.E.2d 68, 69 (1988) (citing State v. Jones , 314 N.C. 644, 336 S.E.2d 385 (1985) ). " '[D ]e novo means fresh or anew; for a second time;' and a de novo hearing in a reviewing court is a new hearing, as if no action had been taken in the court below." State v. Watkins , --- N.C. App. ----, ----, 783 S.E.2d 279, 283 (2016) (quoting In re Hayes , 261 N.C. 616, 622, 135 S.E.2d 645, 649 (1964) ).
In State v. Daye , 78 N.C.App. 753, 755, 338 S.E.2d 557, 559 (1986), this Court noted that a "new and fresh determination" on resentencing *570 "may require no more than a review of the record and transcript of the trial or original sentencing hearing, at least when no additional evidence is offered at the resentencing hearing." On the other hand, " 'the trial court must consider evidence of aggravating and mitigating factors' offered by the parties, even if a presumptive sentence is ultimately imposed." State v. Knott , 164 N.C.App. 212, 217, 595 S.E.2d 172, 176 (2004) (quoting State v. Kemp , 153 N.C.App. 231, 239, 569 S.E.2d 717, 722, disc. review denied , 356 N.C. 441, 573 S.E.2d 158 (2002) ). Thus the admission of new evidence is not dispositive on the issue of whether the trial court properly afforded a defendant a de novo sentencing hearing. Instead, the critical inquiry is whether the trial court's "consideration of and reliance upon the previous court's determination denied defendant his right to a de novo hearing." Abbott , 90 N.C.App. at 751, 370 S.E.2d at 69.
In examining a defendant's contention that on resentencing the trial court improperly relied upon the previous judge's sentence, we consider the trial court's statements in the context of the entire proceeding. For example, in State v. Morston , 221 N.C.App. 464, 728 S.E.2d 400 (2012), the defendant argued that he had not received a de novo *235 sentencing hearing because the trial court had characterized the purpose of the resentencing as being "to rectify the paperwork more than anything else." Morston , 221 N.C.App. at 468, 728 S.E.2d at 405. This Court acknowledged the trial court's statement, but held that a review of the proceeding indicated that the trial court did not simply rely on its prior ruling:
... [T]he trial court made more than just the statement that it was correcting previous clerical errors, but in fact stated, "[h]aving heard testimony-new testimony today and also having received the transcript of the trial, based on all of that, I will render my judgments now, so, Mr. Morston, if you would stand up." Three of the six mitigating factors found by the trial court at the 2011 hearing were not found at the prior sentencing hearings. Moreover, defendant testified at the 2011 hearing after not testifying in either of the previous hearings. Clearly, the trial court considered new evidence and made new determinations regarding the mitigating factors in hearing defendant's testimony.
Morston, at 470, 728 S.E.2d at 405-06.
However, where a review of the resentencing hearing shows that "the resentencing court improperly considered the judgment of the original sentencing court," the resentencing judge's "consideration of and reliance upon the previous court's determination denie[s] defendant his right to a de novo hearing." Abbott , 90 N.C.App. at 750-51, 370 S.E.2d at 69. In Abbott , the trial court stated that:
COURT: ... [T]he Presiding Judge, Claude Sitton, heard this case from the beginning to the end; and he felt it necessary based upon his perception of the evidence in the case to enter the sentence that he did; and I've tried to be consistent with Judge Sitton and also my individual consideration of the factors that you have offered me and have, therefore, imposed the sentences that I have imposed.
Abbott, at 750-51, 370 S.E.2d at 69 (emphasis in original). On these facts we held that:
In the case sub judice , the trial court's statement that it was trying to be consistent with Judge Sitton, while not intimating that the previous findings were the law of the case, indicates to us that its decision was not independent.
*236 We agree with defendant that it appears that the resentencing court based its decision in part upon the trial court's perception of the evidence and judgment at the prior sentencing hearing. In having made the aforementioned statement, the trial court created an ambiguity as to its reasoning for imposing the sentence that it did.... Thus, the apparent consideration of the trial court's judgment upon resentencing violated the defendant's right to a hearing de novo .
Abbott, at 752, 370 S.E.2d at 69-70.
A review of the transcript of the resentencing hearing in this case reveals that each and every statement of the trial court regarding the court's role in resentencing reflected the court's misapprehension of the de novo nature of the proceeding. Judge W. Allen Cobb, Jr. presided over defendant's *571 original sentencing hearing. When the prosecutor summarized the procedural history of the case and explained that this Court had remanded it for a new sentencing hearing, the trial court responded by asking, "So I'm supposed to get in Judge Cobb's head?" This comment shows that the trial court was approaching the resentencing as a referendum on Judge Cobb's original sentence, and not as a fresh look at the evidence. The prosecutor did not discourage this reasoning and argued to the court that "Judge Cobb heard the trial, heard the evidence" and that "the State's position" was that Judge Cobb had imposed a fair sentence. Following the presentation of evidence and arguments of counsel, the trial court stated that:
THE COURT: Well, I don't think it would be appropriate for the Court to basically overrule Judge Cobb . He heard the evidence, he arrested judgment, and he still considered that the sentence did not need to be disturbed. Based upon that, Judge Cobb being aware of all the facts, the Court resentences him to a term of 77 to 102 months in the North Carolina Department of Corrections.
I find Abbott to be functionally indistinguishable from the present case, and to be controlling on the issue of whether defendant was afforded a de novo resentencing hearing. Indeed, a review of the transcript of the resentencing hearing in this case reveals that the trial court's reliance upon the original sentencing judge's sentence was more explicit than that of Abbott , in that (1) unlike the trial judge in Abbott , the *237 court in the present case did not mention its "individual consideration of the factors that you have offered me," or make any other statement indicating that it had made an independent review of the evidence, and (2) while the trial judge in Abbott stated that it had "tried to be consistent" with the original sentencing court, in this case the trial court expressly stated that it would be "inappropriate" and would constitute "overruling" Judge Cobb to impose a different sentence. It is hard to imagine how the court could have been more straightforward about its misapprehension of the nature of a resentencing hearing.
The majority acknowledges the trial court's statements, but holds that "a broader reading of the resentencing transcript" establishes that the trial court's comments were "simply reflecting his agreement with Judge Cobb's ruling based on his own independent assessment." The majority opinion does not identify any excerpts from the resentencing transcript that demonstrate an "independent assessment" by the trial court, and my own review fails to reveal any statements by the trial court suggesting that it took a fresh look at the evidence. Moreover, regardless of the trial court's internal reasoning as regards defendant's sentence, "having made the aforementioned statement, the trial court created an ambiguity as to its reasoning for imposing the sentence that it did.... [T]he apparent consideration of the trial court's judgment upon resentencing violated the defendant's right to a hearing de novo ." Abbott, at 752, 370 S.E.2d at 70.
I believe that the record in this case establishes beyond dispute that the trial court explicitly considered the sentence imposed by the original sentencing judge in resentencing defendant, thereby depriving defendant of a de novo sentencing proceeding. I would reverse and remand for a new sentencing proceeding. For this reason, I respectfully dissent from the majority opinion.